## SUTTON et al. v. WENTWORTH.

### (Circuit Court of Appeals, First Circuit. December 19, 1917.)

### No. 1291.

1. PATENTS ⬖114—SUITS IN EQUITY TO OBTAIN—EVIDENCE.

In a suit in equity to obtain a patent, brought under Rev. St. § 4915 (Comp. St. 1916, § 9460), the rule is (1) that the proceeding is not an appeal, but an independent proceeding; (2) that testimony taken in an interference proceeding in the Patent Office, and out of which the subject-matter of the bill arises, is not competent as evidence, in the absence of proof establishing the right to introduce secondary evidence; (3) that the record of the proceedings in the Patent Office is likewise not competent evidence, except that admissions of the parties made in such proceedings may be received, and statements of witnesses made therein may be used for purposes of cross-examination; (4) that the plaintiff may show by the Patent Office proceedings that a judgment of priority has been rendered against him for the purpose of showing his right to maintain the bill; (5) that, to overcome the presumption in favor of, that judgment, the proof must be clear and convincing.

2. PATENTS ⬖114—SUIT IN EQUITY TO OBTAIN—EVIDENCE.

Under such rules, in a suit brought after an adverse decision by the Court of Appeals of the District of Columbia in an interference proceeding, it was error for the court, on motion by defendant to dismiss, to receive or consider the judgment and proceedings in a prior interference between the parties, which were in no manner a part of complainants' bill, but a matter for defendant to plead or prove, if he desired to avail himself of it.

3. JUDGMENT ⬖634—RES JUDICATA—JUDGMENT AS BAR OR ESTOPPEL.

There is a difference between the effect of a judgment as a bar to a second action for the same cause and its effect as an estoppel in another suit between the same parties upon a different cause of action. In the former case a judgment on the merits must be pleaded, and is an absolute bar to a subsequent action; it concludes the parties, not only as to every matter which was offered and received to sustain or defeat the suit, but also as to any other matter which might have been offered for that purpose. In the latter case, the judgment in the prior action may be offered in evidence, and operates as an estoppel only as to those matters which were there directly in issue, and either admitted by the pleadings or actually tried.

Appeal from the District Court of the United States for the District of Massachusetts; Frederic Dodge, Judge.

Suit in equity by Henry M. Sutton and others against Henry A. Wentworth. Decree for defendant, and complainants appeal. Reversed and remanded.

A. S. Pattison, of Washington, D. C., for appellants.

Odin Roberts, of New York City (Roberts, Roberts & Cushman, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, Circuit Judge, and ALDRICH and BROWN, District Judges.

BINGHAM, Circuit Judge. This bill in equity was brought under section 4915 of the Revised Statutes (8 U. S. Compiled Statutes 1916, § 9460), and was filed in the District Court October 21, 1914. In it the

⬖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

plaintiffs allege: That before December 27, 1906, they had invented certain new and useful improvements in electrostatic separators and in the method of separating differentiated particles of comminuted material. That on or about the 27th day of December, 1906, they applied to the Commissioner of Patents of the United States for a patent thereon, and as defined in the following claim:

"The method of separating differentiated particles of comminuted material, which consists in passing them through an electrostatic field in contact with an electrode surface, directing upon a part of the electrode surface a diffused spray discharge, and shielding another part of said surface by intercepting a portion of the effective spray discharge to allow a separation of the differentiated particles in accordance with the nature of their differentiations."

That on or about July 14, 1909 (July 25, 1911), their application was adjudged by the Commissioner of Patents to interfere with the pending application of the defendant, Henry A. Wentworth, which contained the claim above stated, "as will more fully appear from the application papers of the said Henry A. Wentworth on file in the Patent Office of the United States, and a duly authenticated copy of which is ready here in court to be produced." That the Commissioner of Patents, on or about July 14, 1909 (July 25, 1911), declared interference No. 33,-578 between the plaintiffs' application and that of Wentworth, including therein the subject-matter above stated. That the plaintiffs duly prosecuted their application and claim. That the proofs of record disclose that said Wentworth did not conceive his invention until subsequent to the filing date of the plaintiffs' application. That the examiner of interferences erroneously awarded priority of invention to Wentworth. That on appeal to the examiners in chief the decision of the examiner of interferences was reversed and priority of invention was awarded to the plaintiffs. That upon appeal by Wentworth to the Commissioner of Patents the decision of the examiners in chief was erroneously reversed, and priority of invention awarded to Wentworth. That upon the plaintiffs' appeal to the Court of Appeals for the District of Columbia the decision of the Commissioner of Patents was erroneously affirmed, and priority of invention awarded to Wentworth, and the above claim was finally rejected by the Patent Office, "as will more fully appear in the duly authenticated copies of said application and of said proceedings in the Patent Office of the said United States and of the proceedings in the Court of Appeals for the District of Columbia ready here in court to be produced." That the Commissioner of Patents has refused, and still refuses, to grant letters patent upon the plaintiffs' application for the invention defined in the above-recited claim. That the plaintiffs have no adequate relief except under this bill brought in accordance with section 4915, and pray that it be adjudged: (1) That they are the first, true, and original inventors; (2) that they are entitled to receive letters patent of the United States for their said invention as specified in the before-recited claim of their application; (3) that letters patent of the United States therefore be issued to them; and (4) that they be awarded such other and further relief as the circumstances of the case may require.

On December 7, 1914, the defendant filed a motion that the plaintiffs be required to file certified copies of certain specified documents, some

of which they had offered profert of in their bill of complaint, and, on April 5, 1916, under order of the court, they filed certified copies of the required documents, being all the papers in an interference No. 30,637, declared July 20, 1909, and in the interference No. 33,578, declared July 25, 1911, together with all papers in the Patent Office filed in the plaintiffs' application down to the date of the filing of the bill, and in the file on Wentworth's application.

On May 8, 1916, the defendant moved to dismiss the bill on grounds, in substance, as follows:

1. That the judgment of the United States Patent Office refusing the patent to the plaintiffs was by an inferior tribunal with respect to which this proceeding does not lie, and was acquiesced in by the plaintiffs without appeal.

2. That said judgment was rendered more than one year prior to the filing of this bill, and became final June 7, 1911.

3. That the proceedings in the Patent Office and the Court of Appeals in interference No. 33,578 arose out of a mistake of law, but finally terminated in a judgment to the effect that the judgment of June 7, 1911, in interference No. 30,637, was conclusive against the plaintiffs.

4. That the plaintiffs have no right to a patent for the subject-matter stated in interference claim No. 33,578, because the subject-matter of that claim is not disclosed in their aplication.

The records produced from the Patent Office show that the date—July 14, 1909—in the two places where it appears in the bill of complaint was incorrectly stated; that interference No. 33,578, to which the allegations of the bill relate, was declared July 25, 1911, which fact would appear to have been overlooked in the opinion of the District Court.

The records also show that prior to interference No. 33,578 a previous interference No. 30,637 was declared July 20, 1909, on the respective applications of the parties, but upon a different claim, which reads as follows:

"The method of separating particles of comminuted material differentiated as to electrical conductivity, which consists in passing them through an electrostatic field in contact with an electrode surface, opposing the repellent effect of the electrode surface by directing thereon a diffused spray discharge, and shielding another part of said surface by intercepting a portion of the effective spray discharge, thus allowing the repelling effort on the shielded part of the surface to set free the more conductive particles, and thereafter separately collecting the differentiated components of the material."

In interference No. 30,637, declared July 20, 1909, the record in the Patent Office discloses that Wentworth filed a motion before the primary examiner to dissolve the order of interference, on the ground that the plaintiffs' application did not disclose a machine performing the process of the claim then in issue, and stated therein that repulsion was the gist and vitality of the process under that claim. He admitted, however, that the apparatus disclosed in the plaintiffs' application "would work in and according to the manner and process described in the Sutton et al. file," and was a nonrepulsion or gravity separation process. But the primary examiner denied the motion, holding that

the process of plaintiffs' application was separation by repulsion, and allowed the interference to stand.

When the matter of this interference issue came before the examiner of interferences, he held that the plaintiffs' application did not expressly disclose "the invention in issue" nor indicate "with any sufficient degree of clearness that Sutton et al. contemplated using the apparatus disclosed therein in a manner which would necessitate the practice of the method which constitutes said invention," and, in describing the process of the plaintiffs' application, he said, "When removed from the influence of the convective discharge, the large particles would be first released from the conveyor electrode, but not by repulsion, as they would drop therefrom as soon as the force of gravity exceeded the electrical attraction;" that, although the plaintiffs' machine could be made to operate in different ways by opening and closing certain electrical switches by which the conveyor electrode 2 might be connected either to the ground or to the negative terminal of the generator, it was clear that, if the conveyor electrode was grounded, its potential was zero, and it could not repel particles of material from its surface; that the operation would more nearly approach that of Wentworth if the conveyor electrode were connected with the negative terminal of the generator, and electrode 1 was connected continuously with the positive terminal; but that, even under such conditions, it was not at all necessary that in the operation of the machine Wentworth's method of repulsion should be practiced. He therefore held that the invention of the issue then in question was not patentable to the plaintiffs, because their application did not disclose separation by repulsion, and awarded priority to Wentworth.

On appeal to the examiners in chief, they affirmed the decision of the examiner of interferences, and awarded priority of invention to Wentworth, but suggested a claim embodying a method of separating differentiated particles of comminuted material, which still embodied a separation of the particles by repulsion. Wentworth asked for a rehearing, stating that whatever may be the actual operation of the plaintiffs' device there was no disclosure in their application of a separation of differentiated particles by repellent action. The petition for rehearing was granted, and the examiners in chief held, in accordance with the contention of Wentworth, that separation by repulsion was not disclosed in the plaintiffs' application, and was not of necessity a feature of their invention. In view of this holding, the examiners in chief withdrew the claim first suggested and proposed as an issue of interference the claim hereinbefore recited in the plaintiffs' bill, namely, the interference issue No. 33,578.

No appeal was taken from this decision of the examiners in chief, and the Commissioner of Patents, on June 7, 1911, entered an order declaring interference No. 30,637 finally determined against the plaintiffs, and remanded the case to the primary examiner for action on the above claim suggested by the examiners in chief and which became the subject of interference No. 33,578.

In interference No. 33,578, declared July 25, 1911, the record discloses that Wentworth filed a motion to dissolve this interference also,-

on the grounds: (1) That the issue claim had different meanings in the cases of the respective parties; (2) that it is not patentable to the plaintiffs; and (3) that the plaintiffs have no right to make the claim.

The primary examiner denied the motion and ruled that the plaintiffs had the right to make the issue claim; that their disclosures afforded sufficient ground therefor; that the claim was not for the same subject-matter as that of the claim in No. 30,637; and that the decision in the prior case was therefore not res adjudicata of the claim of this interference.

Before the examiner of interferences, Wentworth renewed his contention that the plaintiffs had no right to make the claim which defines the issue of interference No. 33,578: (1) Because of the judgment in favor of Wentworth in the prior interference No. 30,637 between the same parties on the same applications, and, as he claimed, with respect to the same subject-matter of invention; or (2) because the invention covered by the claim in interference No. 33,578 was not disclosed in plaintiffs' application. The examiner of interferences assumed, without deciding the question, that the disclosure in plaintiffs' application was such as to entitle them to make a claim like the one in the interference issue, and held that the adjudication in favor of Wentworth in the prior interference was res adjudicata, not, however, because the claim in that interference was the same as the claim in the prior interference, but on the ground that the plaintiffs might have made the present claim in interference No. 30,637, and, not having done so, they were estopped to make it now.

On the plaintiffs' appeal to the examiners in chief, they held:

(1) That the claims in issue in the two interferences were not the same. They said:

"But the present claim [claim in interference No. 33,578] is not identical in effect with the claim of the prior interference. It sets forth subject-matter which is common to the applications of both parties, whereas the prior claim was limited to specific features of supposed invention found only in Wentworth's application. It is true that the difference between the claim now in issue and the claim in issue in the prior interference would not serve to avoid the bar of res adjudicata if the prior proceeding had amounted to a contest as to the priority of invention of any subject-matter presumably common to the applications of both parties. Blackford v. Wilder, 28 App. D. C. 535; Horine v. Wende, 29 App. D. C. 415; Carroll v. Hallwood, 31 App. D. C. 165. But we know of no authority holding that a party to an interference who avoids a judgment of priority in favor of his opponent by contending that the claim in issue does not define subject-matter of invention, which is common to the applications of both parties, may avoid a second interference based upon subject-matter which is common to the two applications, and either appropriate to himself a claim for such common matter or keep his opponent from obtaining such a claim." That "an interference proceeding is declared under the authority of section 4904, R. S. [Comp. St. 1916, § 9449], to determine the question of priority of invention between parties who have applications for patents which, in the opinion of the Commissioner, interfere with one another," and "it is intended that the parties shall prove their dates of invention, and that an award of priority shall be made to the party who was first to invent the common subject-matter." That if a party denies that the issue sets forth any common subject-matter, and rests his case on such denial, he "attacks the propriety of the action instituting the proceeding, instead of asserting his date of invention of any common subject-matter."

(2) That consequently the judgment of priority of invention to Wentworth in the earlier interference was improper; that the question litigated in that interference was whether the claim then in issue presented subject-matter common to the respective applications, and, the examiner of interferences having, in the earlier proceeding, decided that there was none, there was nothing determined by the issue on which to predicate a decision of priority of invention; that the question of priority of invention was not in fact litigated; that the only question put at rest was that the issue was improper, and that, as a consequence, the subject-matter of the issue in interference No. 33,578 was not res adjudicata; and

(3) That the plaintiffs' application disclosed subject-matter defined in the claim of interference No. 33,578.

On appeal the Commissioner of Patents held that, although the award of priority to Wentworth in No. 30,637 was upon the ground that plaintiffs could not make the claim there in issue because their application did not involve the subject-matter of that claim, they could have amended the claim or suggested a different one, and thus presented an issue covering a subject-matter common to both applications, if there was any, and not having done so, the judgment of priority of invention to Wentworth in No. 30,637 was binding upon them, and valid; that consequently the issue in No. 33,578 was res adjudicata; and that the prior judgment "precludes any further contest on the question of priority between these parties on their applications."

He did not pass upon the question whether the claim of interference No. 33,578 covered the same subject-matter as that of No. 30,637, upon which alone, as will hereafter be pointed out, could be predicated the proposition that the plaintiffs would be bound as to all matters that were put in issue in the prior proceeding, or that might have been put in issue therein.

On appeal to the Court of Appeals of the District of Columbia, the decision of the Commissioner of Patents was affirmed as being in compliance with former decisions of that tribunal without a review of the facts and a specific application of the principles of res adjudicata to those facts.

In the District Court it was held (1) that no bill would lie under section 4915 with respect to the subject-matter of the claim dealt with in interference No. 30,637; (2) that a proceeding under section 4915 could not be predicated upon a decision of the examiners in chief of the Patent Office, and that, if it could, the year within which it should have been brought expired in June, 1912; (3) that, so far as there was common subject-matter in the issue claims of the two interferences the plaintiffs' right to a patent therefor was not to be regarded as abandoned under Revised Statutes, section 4894; (4) that, although the claim in No. 30,637 expressly stated that the separation process was to be with reference to "particles of comminuted material differentiated as to electrical conductivity," and the claim in No. 33,578 spoke of the particles as "differentiated," without saying in what respect, nevertheless, as neither claim contemplated any other differentia-

tion than that effected by the electrostatic field, electrode surface, and diffused spray discharge, which both claims mention, neither can be regarded as having in view differentiation among the particles in any other respect than that expressly mentioned in the earlier claim; (5) that upon a consideration of the bill, and what was before the court in connection therewith, it was of the opinion that there was no substantial difference shown to exist between the two claims, and that neither claim was warranted by the disclosure made by the plaintiffs in their application, and dismissed the bill.

It will be seen on examination of the opinion of the District Court that its decision did not turn upon the question of res adjudicata or estoppel by judgment, but upon the proposition contained in the fifth paragraph above stated, namely, that the subject-matter of the claims in the two interferences was substantially the same; that their common subject-matter was separation by repellent action, and that, as in the first interference, it was decided by the examiners in chief that the plaintiffs' application did not disclose separation by repulsion but by nonrepellent action or gravity, it did not disclose the process of the claim in interference No. 33,578; and this holding was reached, notwithstanding, as above pointed out, the same examiners in chief, in interference No. 33,578, when they had before them the claim of that interference, which is the same claim the District Court was considering, held that the plaintiffs' application disclosed subject-matter defined in that claim.

The errors assigned on this appeal are in substance that the court erred (1) in dismissing the bill on defendant's motion; (2) in denying the plaintiffs the privilege of offering expert testimony to aid the court in considering the plaintiffs' application and the claims in question; (3) in denying the plaintiffs the privilege of offering testimony with respect to the question of priority of invention involved in the bill of complaint; (4) in accepting the interference record in the Patent Office as primary evidence, and basing its opinion thereon; (5) in holding that the plaintiffs' application does not disclose the process set out in the bill, and in refusing to follow the decision of the expert examiners in chief in interference No. 33,578, holding that plaintiffs' application does disclose the subject-matter of the bill; and (6) in holding as to the claims in issue in interferences No. 30,637 and No. 33,578, that no substantial difference is shown to exist between the two claims.

In view of the fact that the decision in the District Court arises out of the defendant's motion to dismiss without affording the plaintiffs a a trial in the ordinary course, and, instead thereof, receiving and using in evidence the records in the Patent Office—not only those pertaining to the applications of the plaintiffs and the defendant with reference to the interference No. 33,578 and the proceedings in the Patent Office relating to that interference and as to which an offer of profert was made in the plaintiffs' bill, but also in receiving and using in like manner the records of the proceedings in the Patent Office concerning the applications of the parties relating to the claim of interference No. 30,637 and the interference proceedings therein, as to which the plain-

tiffs did not offer profert in the bill, we think it necessary to consider whether the course pursued was correct. Had it not been for the fact that the court adopted this method, which involved a consideration of the record in respect to interference No. 30,637, there would have been nothing before it on which to predicate a consideration of the question of estoppel by judgment, or to determine the question whether the claim in interference No. 33,578 was the same as that of interference No. 30,637; for the defendant, in order to raise either of these questions, would have had to plead the judgment of priority of invention rendered in the prior interference No. 30,637, or introduce it in evidence, together with such other proofs as might be necessary to establish it, and also show that the subject-matter involved was the same as that of the claim in interference No. 33,578.

[1] According to the decisions in the case of Dover v. Greenwood, reported in 154 Fed. 854 (C. C.), and in 177 Fed. 946 (C. C.), and in Greenwood v. Dover, 194 Fed. 91, 114 C. C. A. 169, the rule in this circuit is (1) that a proceeding in equity under section 4915 is not an appeal, but an original independent proceeding; (2) that testimony taken in an interference proceeding in the Patent Office, and out of which the subject-matter of a bill in equity, brought under section 4915, arises, is not competent as evidence in the equity proceeding, in the absence of proof establishing the right to introduce secondary evidence; (3) that the record of the proceedings in the Patent Office is likewise not competent evidence, except that admissions of parties made in such proceedings may be received, and statements of witnesses made therein may be used for purposes of cross-examination; (4) that a plaintiff may show by the Patent Office proceedings that a judgment of priority has been entered against him for the purpose of showing his right to maintain a bill under section 4915; and (5) that to overcome the presumption that is to be given that judgment the proof must be clear and convincing.

[2] In this case the judgment of the Patent Office which the plaintiffs were required to allege in order to set forth a right to maintain their bill was the judgment based upon the decision of the Court of Appeals of the District of Columbia, reported in 41 App. D. C. 582, as to which the plaintiffs offered profert in their bill, not the judgment in interference No. 30,637. According to the foregoing decisions it was error for the District Court to receive or consider, on the defendant's motion, the judgment or the proceedings in interference No. 30,637, because they were in no manner a part of the bill, and could not be imposed upon the plaintiffs as a part of the affirmative case made by the bill. The judgment in interference No. 30,637 was a matter for the defendant to plead or prove, if he desired to avail himself of it. Consequently the only question before the court, on the motion, was whether the plaintiffs' application disclosed the process defined in the issue of the interference No. 33,578.

In the bill the plaintiffs allege that their application discloses the invention defined in the claim upon which they seek a patent, and, in our opinion, the question thus presented is not so clear as to justify its determination one way or the other without the aid of expert testi-

mony. The case must therefore go back to the District Court for trial on pleadings and proof.

As on a trial of the case the defendant no doubt will plead or offer in evidence the judgment in interference No. 30,637 with a view of raising the question of res adjudicata or estoppel by judgment, we regard it as advisable to state the legal principles involved in the doctrine and their application to one or another of a given state of facts as they may be found to exist.

[3] There is a difference, sometimes overlooked, between the effect of a judgment as a bar to the prosecution of a second action for the same cause and its effect as an estoppel in another suit between the same parties upon a different cause of action. In the former case a judgment on the merits must be pleaded, and is an absolute bar to a subsequent action; it concludes the parties, not only as to every matter which was offered and received to sustain or defeat the suit, but also as to any other matter which might have been offered for that purpose. In the latter case, the judgment in the prior action may be offered in evidence, and operates as an estoppel only as to those matters which were there directly in issue and either admitted by the pleadings' or actually tried. Southern Pacific Railroad v. United States, 168 U. S. 1, 57, 59, 60, 18 Sup. Ct. 18, 42 L. Ed. 355.

This question was very carefully considered in the case of Cromwell v. County of Sac, 94 U. S. 351, 352 (24 L. Ed. 195), where Mr. Justice Field, in delivering the opinion of the Supreme Court, said:

"In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered, such as forgery, want of consideration, or payment. If such defenses were not presented in the action, and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defenses never existed. The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever.

"But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and

determined. Only upon such matters is the judgment conclusive in another action."

The doctrine as above set out has been many times affirmed by the Supreme Court; a late decision bearing upon the question being Barttell v. United States, 227 U. S. 427, 440, 33 Sup. Ct. 383, 57 L. Ed. 583.

If at the trial it shall be found that the subject-matter of the claim in interference No. 33,578 is the same as that of the claim in interference No. 30,637, then it would follow from the principles above enunciated that the judgment in interference No. 30,637 would be an absolute bar to the proceedings in interference No. 33,578, for, the subject-matter of the claims of the two proceedings being the same, the judgment in the prior proceeding would conclude the parties not only as to every matter which was offered and received to sustain or defeat the prior proceeding, but also as to any other matter which might have been offered for that purpose. And as the judgment in interference No. 30,637 was rendered by the examiners in chief of the Patent Office, and not by the Commissioner of Patents or the Court of Appeals of the District of Columbia, this bill, brought under section 4915, could not be predicated upon that judgment, and, if it could, the year within which it should have been brought expired in June, 1912.

If, on the other hand, it should be found that the subject-matter of the claims in the two interferences is not the same, the judgment in interference No. 30,637 would operate as an estoppel only as to those matters which were directly in issue and either admitted by the pleadings or actually tried in the prior interference. As we have previously pointed out, the fact was not litigated in the prior interference whether Wentworth's conception of the invention disclosed in his application was prior to the plaintiffs', and the sole question determined by Wentworth's motion in that interference was that the plaintiffs' application did not disclose the subject-matter defined in the claim of that issue; and, such being the case, the only fact that could be said to have been concluded by the judgment in the prior interference would be that the plaintiffs' application did not disclose the subject-matter defined in the claim of that issue, and the only effect, either as evidence or as a plea in bar, which could be accorded, in the second interference, to the judgment in the prior one, would be to estop the plaintiffs from showing that the process disclosed in their application covered separation of comminuted particles by repulsion. In such a situation this bill in equity, under section 4915, would be, in fact, based upon the judgment rendered by the Court of Appeals of the District of Columbia in interference No. 33,578, and, having been brought within a year from the rendition of final judgment therein, would not be barred by the limitation in section 4894.

Being of the opinion that the District Court erred in dismissing the proceeding, the case must be sent back for trial upon pleadings and proofs.

The decree of the District Court is reversed, and the case is remanded to that court for further proceeding not inconsistent with this opinion, with costs to the appellants.