In re GRAHAM & SONS et al.

GRAHAM & SONS v. YORE (two cases).

(Circuit Court of Appeals, Seventh Circuit.    July 19, 1918.)

Nos. 2630, 2631.

1. BANKRUPTCY ⟨key⟩140—ORDER REFUSING CONFIRMATION OF COMPOSITION—MODE OF REVIEW—"COMPOSITION."

Where order dismissing petition for confirmation of composition with creditors was predicated wholly on proposition of law that proposed offer was not a composition within the Bankruptcy Act, and in no manner involved question of right of bankrupts to be discharged, order involved matter of law arising in bankruptcy proceedings, and is reviewable in Circuit Court of Appeals on petition to review and revise, and not on appeal.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Composition.]

2. BANKRUPTCY ⟨key⟩382—SPECIFICATIONS OF OBJECTIONS TO CONFIRMATION OF COMPOSITION—OVERRULING ON DEMURRER.

When District Court in bankruptcy entered its order refusing to confirm composition with creditors, predicated upon report of referee as special master, it amounted to overruling of demurrer to specifications of objections to confirmation of composition offer.

3. BANKRUPTCY ⟨key⟩382—OBJECTIONS TO COMPOSITION OFFER—HEARING ON MERITS.

Under Bankruptcy Act, § 12c, and the Supreme Court's General Order in Bankruptcy XXXII (89 Fed. xiii, 32 C. C. A. xxxi), objecting creditors, as well as proponents of composition offer, on the objections to confirmation of the offer and their specifications were entitled to hearing, and to a judgment of the judge of the District Court upon the merits.

4. BANKRUPTCY ⟨key⟩379—OFFER OF COMPOSITION—EQUIVALENCE TO ASSIGNMENT.

Though general assignment, made before bankruptcy, in itself is act of bankruptcy by Bankruptcy Act § 3a, under sections 12a, 12d, composition offer to creditors, made after bankruptcy, though substantially the equivalent, in results to creditors, of general assignment for their benefit, had it been carried out before bankruptcy, is not therefore in law no offer of composition at all, but must be confirmed or rejected by court on merits.

5. BANKRUPTCY ⟨key⟩379—OFFER OF COMPOSITION—ADVANTAGES AND DISADVANTAGES.

Advantages and disadvantages to creditors of bankrupt from proposed composition need not be set forth in composition offer itself, in order that judge, pursuant to his duty, may investigate merits of offer and of objections, and determine its advantage or disadvantage to creditors.

6. BANKRUPTCY ⟨key⟩382—COMPOSITION—CONFIRMATION.

Facts and circumstances which bear on advisability of confirming bankrupt's offer of composition are no part of offer itself, but are properly presentable at hearing of offer and objections thereto, for which Bankruptcy Law makes provision; it being for judge then to determine whether composition is for best interests of creditors.

Appeal from, and Petition to Review and Revise Order of, the District Court of the United States for the Eastern Division of the Northern District of Illinois.

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the matter of Graham & Sons and others, bankrupts. On petition by the bankrupts to review and revise an order, on objection of Mary Yore and others, refusing to confirm a composition with creditors, and on appeal by the bankrupts from such order. Appeal dismissed, and, on the petition to review and revise, order reversed, with direction to proceed in accordance with the opinion.

It appears that on June 29, 1917, involuntary petition in bankruptcy was filed against Graham & Sons, partnership, and Frank J. Graham and Ralph R. Graham, the alleged copartners; that on application of bankrupts adjudication was ordered delayed, and that October 23, 1917, petitioning creditors, by leave of court, amended their petition making Minnie P. Graham a party as an alleged copartner with the others; that she filed answer to the amended petition, and an order was entered referring the matter to the referee, and calling a meeting for the allowance of claims and examination of the bankrupts; that January 28, 1918, there was filed a petition for confirmation of an offer of bankruptcy, together with what purported to be the written consents of a majority in number and amount of the scheduled creditors, and deposit made with the clerk of the court of promissory notes and trust agreement and conveyance of property as provided in the composition offer, and the sum of $160,000 in cash for the payment of claims lawfully entitled to priority, and the costs. The composition offer is as follows:

"We propose to give to each creditor who shall make proper proof of claim a promissory note for the full amount of said claim, signed by Graham & Sons, Frank J. Graham, Ralph R. Graham, and Minnie P. Graham, payable on or before three years after the court shall confirm the proposed composition; said notes not to bear interest until maturity, and to bear interest after maturity at the rate of five (5) per cent. per annum. In order to secure the payment of these notes, we propose to convey to the Chicago Title & Trust Company, as trustee, for the benefit of the creditors holding said notes, all of the property, whether real or personal, and of every kind and nature, belonging to Graham & Sons, Frank J. Graham, Ralph R. Graham, and Minnie P. Graham, or in which they have any interest, subject only to court costs, proper expenses of administration, and the debts entitled by law to priority. The trust deed will contain the following provisions:

"First. All of our property, including real estate, notes, bonds, mortgages, stocks, cash, and everything else of value, shall be held by the trustee, with full power in said trustee to collect, manage, and convert the same into cash, and as quickly as practical to pay the proceeds, from time to time, to our creditors upon the said notes so given to them.

"Second. A committee of five, to be selected by the Honorable George A. Carpenter, Judge of the United States District Court (or in the event of his inability to act, then by some other judge of the United States District Court), shall advise with the trustee in the management and disposition of the property and the reduction of the assets into cash, and shall have authority at all times to advise with the trustee regarding the sale of property, the payment of dividends, and other matter of importance that may arise, including questions of costs, expense and fees.

"Third. If the amounts collected by the trustee permit of the payment of the notes before their maturity, they shall then be paid.

"Fourth. Any property remaining in the hands of the trustee after the payment in full of all notes, costs, expenses, and fees shall be reconveyed to us."

"February 14th was fixed for showing cause why the offer of composition should not be confirmed, and on that day certain creditors appeared in opposition to the petition to confirm, and objections were thereupon filed by about 20 creditors. February 28th bankrupts moved to strike from the files all the objections, on the ground that they were not presented in sufficient time. This motion was overruled, and the court ordered that the petition for confirmation of the composition and all objections thereto be referred to Referee Wean for hearing, and that they be speedily heard and report made.

March 4th and 6th this hearing proceeded to the extent of the opening statements of counsel for the objectors, whereupon adjournment was had until March 8th, when leave was given bankrupts to file exceptions to the objections to confirmation, and motion to strike them out. Whereupon on March 8th the court ordered that the exceptions and motion to strike "be referred to Frank L. Wean, Esq., to hear said exceptions and said motion, and to report to the court his conclusions as to the sufficiency of said specifications of objection and upon said exceptions and said motion to strike out and dismiss."

The subsequently filed report of said Wean states that "thereafter, upon the 11th, 12th, and 13th of March the undersigned heard the oral arguments of counsel in respect to the matters as directed by order of March 8th." The report then discusses at considerable length the exceptions, and concludes that "for the reasons above stated, and those stated in the specification of the objectors, appearing from the composition papers and the petition to confirm, my conclusion is that the specification as a whole is sufficient; that the scheme proposed is not a composition within the reasonable construction of the Bankruptcy Act of 1898 as amended, and that the petition to confirm should be denied."

On the hearing of the report and exceptions to it the court entered this order: "This cause coming on now to be heard upon the report of the special master, Frank L. Wean, heretofore filed herein under order of March 8, 1918, and on the exceptions of the bankrupts and certain creditors to said report, and the court having heard the arguments of counsel and being fully advised in the premises: Now, therefore, it is ordered that the exceptions to said report of the special master be and the same are hereby overruled, and said report of said special master confirmed. And it is further ordered that the court's approval of said offer of composition be and the same is hereby withheld and the petition of the bankrupts for confirmation of said offer is denied, and said petition to confirm dismissed."

John D. Black, of Chicago, Ill., for petitioners.

Herman Frank and Lloyd C. Whitman, both of Chicago, Ill., for respondents.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above).
[1] 1. It is contended for the creditors objecting to the composition offer that this court cannot take jurisdiction of the controversy either on petition to review and revise or on appeal, and much discussion is presented on behalf of both sides respecting the right of review and mode of appellate procedure. We are abundantly satisfied that such is the nature of the order denying and dismissing the petition to confirm the composition offer that any party aggrieved thereat may properly seek relief in a court of review.

In evident doubt as to which of the two methods of appellate procedure provided for in bankruptcy matters is applicable, both have been invoked, and appeal from the order and petition to review and revise are both pending. Section 25a of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 553 [Comp. St. 1916, § 9609]) provides for appeals in cases: (1) From a judgment adjudging or refusing to adjudge defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of $500 or over. Section 24a (section 9608) confers appellate jurisdiction in controversies arising in bankruptcy proceedings as to which there would be appellate jurisdiction in other cases; and

section 24b (section 9608) gives Circuit Courts of Appeals jurisdiction "either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy."

In Re Friend, 134 Fed. 778, 67 C. C. A. 500, this court considered a petition to review and revise an order of the District Court confirming a composition. The decision turned upon whether petition to review and revise was proper in such case. It was held to be improper there because under the law confirmation of the composition discharged the bankrupt from his debts (section 14c [section 9598]), and that appeal was the proper procedure where the order attacked discharged the bankrupt. The question of procedure was again before us in Re McVoy Hardware Co., 200 Fed. 949, 119 C. C. A. 337, which was an appeal from an order of the District Court declining to confirm a proposed composition on the ground that it was unfair to the creditors. It was held that where, as in that case, the proposed composition was rejected upon grounds which did not or could not determine the question of the right of the bankrupt to a discharge, the question of the bankrupt's discharge was not involved in the order, and that such an order was not within the purview of the statute granting the right of appeal, and the appeal was accordingly dismissed.

We see no reason to depart from the principles declared and applied in these cases. In the case at bar the order dismissing the petition for confirmation was predicated wholly upon the proposition of law that the proposed offer was not a composition within the meaning of the Bankruptcy Act, and it in no manner involved the question of the right of the bankrupts to be discharged. Under these circumstances we conclude that what is here involved is a matter of law arising in the bankruptcy proceedings, and is reviewable in this court upon petition to review and revise, and not on appeal.

2. From the report itself it appears that the issue heard by Referee or Special Master Wean was the one made by the court's order of March 8th, which had to do only with the sufficiency of the specifications of objection to the composition, and bankrupts' motion to strike out and dismiss them. That nothing else was then involved or heard is further apparent from this language of the report:

"The real question to be determined by the court is the sufficiency or insufficiency of the specification of objections as to matters of law and form, whether on its face it sets forth grounds of law or of fact in legal form sufficient to defeat the confirmation of the proposed composition and to apprise the parties and the court of what the proponents of the composition have to meet."

Bankrupts' exceptions and motion which were the subject-matter of the order of March 8th were equivalent to a demurrer by bankrupts to the specifications of objection which had been filed to the composition offer and petition to confirm it; and the hearing under the reference of March 8th was a consideration of that demurrer, and the opinion and report of the referee or special master a recommendation to the court as to the manner of its disposition. The order of the court following the report is predicated directly upon it, and does not purport to be any broader in its scope than the recommendations of the

report itself. But the report (as well as the court's order predicated on it) goes beyond finding, as it does, "that the specification as a whole is sufficient." It makes further finding and recommendation that the offer of composition be not approved, and that the petition to confirm be dismissed—a conclusion which, if warranted, might ordinarily be reached, not upon a finding of the legal sufficiency of the specifications of objection to the proposed offer, but upon a hearing of the merits of the specifications of objection.

[2] The first specification of the objection to the confirmation of the composition offer is that the composition is not for the best interests of the creditors. This is amplified by voluminous allegations of facts and conclusions; some of the facts appearing of record in the cause, and others not. When the court entered its order predicated upon the report, it amounted to an overruling of the demurrer to this specification, as well as to the other specifications, and so far as concerns the exceptions and motion to strike out the specifications, which were the subject-matter of the order of reference of March 8th and of the hearing which resulted in the order, the situation was as though the exceptions and motion to strike had never been filed; and ordinarily the original objections and the specifications thereof would have stood for hearing, just as they did under the order of February 28th.

[3] Upon those objections and their specifications the objecting creditors, as well as the proponents of the composition offer, were entitled to a hearing, and to the judgment of the judge upon the merits. Section 12c of the Bankruptcy Act (section 9596) requires the date and place to be fixed for the hearing of applications for compositions and objections thereto, and section XXXII of the Supreme Court's General Orders in Bankruptcy (89 Fed. xiii, 32 C. C. xxxi) makes provision for the appearance of creditors opposing application, and for filing specifications of objection. Such provisions imply, of course, the according of reasonable opportunity to all concerned for having objections heard and passed upon.

The theory upon which the referee or special master, after holding the specifications of objection to be upon the whole sufficient, proceeded without further hearing to find and recommend that the petition to confirm the composition be denied and dismissed, as well as that upon which the court adopted such recommendation and entered an order accordingly, is not set forth in the report, except as inferentially it may be gathered from the discussion therein that the demurrer, by way of the exceptions and motion to dismiss the petition for confirmation, was carried back to the offer of composition itself, and sustained thereto upon the ground that the proposed composition offer was not a composition in contemplation of the Bankruptcy Act, and that upon its face the court had not the right, power, or discretion as a matter of law to confirm the composition proposed.

Such a course may be unobjectionable, where it conclusively appears as a matter of law that the original pleading (in this case the offer of composition and petition to confirm) would in no event and under no circumstances, and in no possible state of the proof which might appear upon the hearing of the composition or objections thereto, war-

252 F.—7

rant the court in confirming the offer. This must have been, and evidently was, the view of the special master and of the court respecting this composition offer, and looking to the report it seems that the moving consideration for such conclusion is the assumption that the composition offer is upon its face nothing more or less than a general assignment of the property of the bankrupts for the benefit of their creditors, and is therefore under the Bankruptcy Act no offer of composition which the court has any lawful right to entertain. This becomes, therefore, a determining factor in this controversy, for it is plain that the court did not by its action herein undertake to decide whether or not in fact the proposed composition was for the best interests of the creditors, as provided in section 12d of the Bankruptcy Act (section 9596).

[4] That the making of a general assignment for the benefit of creditors is of itself an act of bankruptcy, the Bankruptcy Act unequivocally declares. Section 3a (section 9587). But does it follow of absolute necessity that, bankruptcy having intervened, a proposed composition which, without bankruptcy, would have been the equivalent of a general assignment for the benefit of creditors, vitiates per se such a composition offer? The statute, which is the sole source of authority for composition offers in bankruptcy, provides that "a bankrupt may offer, either before or after adjudication, terms of composition to his creditors," etc. Section 12a (section 9596). It does not undertake to prescribe the kind or character of offer which may be made, nor fix bonds or limitations of any sort. Any offer of composition is within the statute, and when made to the creditors should be disposed of as the statute further specifies. Section 12d provides:

"The judge shall confirm a composition if satisfied that (1) it is for the best interests of the creditors; (2) the bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to his discharge; and (3) the offer and its acceptance are in good faith and have not been made or procured except as herein provided, or by any means, promises, or acts herein forbidden."

The tests for confirmation thus fixed to be applied by the judge do not presuppose or exclude any particular kind or form of offer, but relate to any offer of composition; and whatever its form or kind, if the judge is satisfied that it meets the prescribed statutory tests, he confirms it, otherwise he rejects it.

From the fact that a general assignment made before bankruptcy is in itself an act of bankruptcy, it by no means follows that a composition offer made after bankruptcy, though the substantial equivalent in its results to the creditors of a general assignment for the benefit of creditors, had it been carried out before bankruptcy, is therefore in law no offer of composition at all. An assignment for the benefit of creditors is the act of the debtor alone, without sanction of any court, and is such an admission of insolvency or of inability to pay that the statute has declared it to be an act of bankruptcy. But, bankruptcy having intervened, the offer of composition, whatever it may be, must under the law first have the assent of a majority in number and amount of creditors and the confirmation of the judge, who shall be satisfied that it is

for the best interests of the creditors. We see no necessary relation between the defeasibility through bankruptcy of a general assignment for benefit of creditors made before bankruptcy, and the validity of a composition offer after bankruptcy, whatever its terms may be.

[5] That an offer of composition may on its face be suggestive of disadvantage to the creditors as compared with the bankruptcy proceedings does not per se stamp it with invalidity, nor make it proper for the court to reject it without opportunity for its consideration. That a proposed composition would effect merely the transfer of the administration of the bankrupt estate from the bankruptcy court to the bankrupt himself or to a trustee outside of its jurisdiction, without affording any added advantage to the creditors, might furnish a valid and satisfactory reason for concluding that the composition offer is not for the creditors' best interests and for rejecting it. It is within the range of possibility that this or any other offer of composition may have advantages and disadvantages to the creditors not apparent upon the face of the offer itself. While it might not be wholly proper to suggest such here as occur to us, yet whatever they may be, and however improbable that they have existence in fact, it is not necessary that they be set forth in the composition offer itself, in order that the judge may, as is his duty, investigate the merits of the offer and of the objections thereto, and determine its advantage or disadvantage to the creditors. The offer itself need be only what it purports to be, and that which the statute provides for—a statement of the proposed terms of composition.

[6] The facts and circumstances which bear upon the advisability of confirming the offer are no part of the offer itself, but are properly presentable at the hearing of the offer and of the objections thereto, for which the law makes provision; and it is for the judge then to determine under all the facts and circumstances then appearing, including the nature of the offer itself, whether he is satisfied that the composition "is for the best interests of the creditors." But when in the decision of the preliminary motion to dismiss for legal insufficiency the objections to the confirmation of the offer, the court, though holding the objections sufficient in law, without further hearing dismissed the petition to confirm the composition offer on the ground that there was no lawful composition offer before the court, it deprived the parties of the hearing to which they were entitled, and of the judgment of the judge as to whether or not he was satisfied that the proposed composition was for the best interests of the creditors, and respecting the other statutory propositions on which he is required to pass before confirming or rejecting the offer.

With the conclusion reached by the court that the specifications of objection are as a whole sufficient in law we concur, but we disapprove the order in so far as it rejects without hearing the composition offer, and dismisses the petition to confirm it.

The appeal is dismissed, and on the petition to review and revise the order of the District Court is reversed, with direction to proceed, in accordance with these views, speedily to hear and determine the petition to confirm the composition offer and the objections thereto.