## In re CROSBY.

(District Court, D. Massachusetts. October 31, 1921.)

No. 16339.

**Bankruptcy ⊕384—Composition approved, where creditors did not object.**

If the creditors do not see fit to appear and protect their interests, after being duly notified of pendency of offer in composition, no evident fraud being practiced, the court in bankruptcy proceedings ought not to refuse approval of the composition, notwithstanding a report of the referee under Bankruptcy Act, § 12b (Comp. St. § 9596), in which he states that, in his opinion, the composition is not in the best interests of the creditors.

In Bankruptcy. In the matter of Archer G. Crosby, bankrupt. Composition approved.

Harvey H. Pratt, of Boston, Mass., for bankrupt.

MORTON, District Judge. All scheduled creditors and all other persons who have entered appearances in this case have been duly notified of the pendency of the offer in composition and afforded an opportunity to appear and oppose the confirmation of it. No person now does so. The statutory requisites have been complied with, and there is no reason why the composition should not be confirmed, unless the report of the referee, in which he states that in his opinion the composition is not in the best interests of the creditors, be so regarded. This statement, however, is made in connection with a reference under Bankruptcy Act, § 12b (Comp. St. § 9596), the purpose of which is to ascertain whether the formal requisites have been complied with. The intention of the statute is that the question whether the composition is in the best interests of the creditors shall be raised in such a way that an issue shall be framed on which the opposing parties can be heard. In re Graham & Sons, 252 Fed. 93, 164 C. C. A. 205. Nothing of that sort has occurred here. The situation is that the learned referee, from his general knowledge of the estate, is strongly of the opinion that the creditors are sacrificing their interests by not objecting to the composition. But, if the creditors do not see fit to appear and protect their interests and raise the question, I do not think that, as no evident fraud is being practiced, the court ought, of its own motion, to refuse approval of the composition. It is to be presumed that the creditors have sufficient and proper reasons for their failure to object.

Composition approved.

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes