## SAWYER v. ORLOV.

(Circuit Court of Appeals, First Circuit. November 23, 1926.)

No. 2046.

1. Bankruptcy ⊗⇒414(2)—Referee's consideration of finding of court on petition for discharge of bankrupt in suit to set aside transfer, held wholly irregular.

It is wholly irregular for referee, on petition for discharge of bankrupt, opposed on ground that, within four months before filing of petition in bankruptcy, bankrupt made transfer with intent to hinder, delay, and defraud creditors, to take into consideration finding of court in suit by trustee in bankruptcy to set aside the transfer.

2. Judgment ⊗⇒715(2)—Decree denying composition on finding of transfer with intent to defraud creditors is conclusive between parties on petition for discharge.

Referee's finding that bankrupt made transfer with deliberate intent to defraud creditors, affirmed by decree denying composition, was conclusive determination of the fact between the parties to composition proceeding, when called in question in subsequent proceeding for discharge of bankrupt, to which they were likewise parties.

3. Judgment ⊗⇒948(I)—Decree not pleaded is admissible in subsequent proceeding between same parties on different cause of action.

Proceeding for bankrupt's discharge being different cause of action from prior one for composition, decree in the prior proceeding need not be pleaded to be admissible in evidence in the later proceeding and is there conclusive as to the matters directly in issue and either admitted by the pleadings or actually tried in the prior proceeding between the same parties.

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

George Orlov was granted a discharge in bankruptcy, and Harry Sawyer, objecting creditor, appeals. Reversed and remanded.

Simon B. Stein, of Boston, Mass., for appellant.

Samuel Sigilman, of Boston, Mass., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a decree of the District Court for Massachusetts, granting the bankrupt a discharge. Harry Sawyer, a creditor of the bankrupt, objected to the discharge, and, among his specifications of objections, alleged that the bankrupt, "within the four months preceding the filing of the petition in bankruptcy, upon which he was adjudicated, transferred to a corporation organized by him and owned by him substantially all of his merchandise, with the intent to hinder, delay, and defraud his creditors. The referee, in his report on the petition for discharge, states that the same question had been previously presented to him on the bankrupt's petition for composition; that in that proceeding Sawyer filed the same specification of objection to the composition; that at that time he found the bankrupt had made the transfer in question with the intent to hinder, delay, and defraud his creditors; and that he refused to confirm the composition.

It also appears that the District Court entered a decree denying the petition for composition, based upon a report of the referee embodying the finding "that the bankrupt had made the transfer with the deliberate intent to defraud his creditors."

The referee further states, in his report on the petition for discharge, that, subsequent to the decree denying composition, a suit was tried in the District Court, brought by the trustee in bankruptcy, to set aside the same transfer, in which it was found that the

bankrupt "did not act with conscious fraudulent intent in making the transfer"; and that, "in deference to the superior judgment of the court" in that suit, he accepted that conclusion, although opposed to his own decision, previously rendered, and recommended the bankrupt's discharge. Thereafter on this report the District Court entered a decree discharging the bankrupt, and this appeal was taken.

In his assignment of errors, the appellant complains, among other things, that the court erred (1) in taking into consideration the alleged finding of the District Court in another case between different parties to the effect that the bankrupt did not act with conscious fraudulent intent in making the transfer; and (2) in not holding that the decree affirming the referee's report and denying composition was a final adjudication upon the question of fraud involved and conclusive thereon as between these parties.

[1] The first assignment must be sustained. It was wholly irregular for the referee to take into consideration the finding of the District Court in another suit between different parties.

[2] The second assignment likewise must be sustained. The finding of the referee in the composition proceeding, that the bankrupt made the transfer to the corporation with the "deliberate intent to defraud his creditors," affirmed by the decree denying composition, was a conclusive determination of these facts as between these parties when called in question in the subsequent proceeding for discharge to which they were likewise parties. Sutton v. Wentworth, 247 F. 493, 501, 160 C. C. A. 3; Cromwell v. County of Sac, 94 U. S. 351, 352, 24 L. Ed. 195; Southern Pacific Railroad v. United States, 168 U. S. 1, 57, 59, 60, 18 S. Ct. 18, 42 L. Ed. 355.

[3] As the proceeding for discharge was a different cause of action from the prior one for composition, it was unnecessary to plead the prior judgment or decree in the subsequent proceeding. In such case the judgment or decree in the prior proceeding may be offered in evidence, and is conclusive as to those matters which were there directly in issue and either admitted by the pleadings or actually tried. Sutton v. Wentworth, supra; Southern Pacific Railroad v. United States, supra.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the appellant.