## UNION PARLOR FURNITURE CO. v. A. WEISER, Inc., et al.

### No. 2486.

Circuit Court of Appeals, First Circuit.

Nov. 26, 1930.

On Petition for Rehearing Jan. 5, 1931.

Harold Horvitz, of Boston, Mass. (Abraham S. Guterman and Guterman & Guterman, all of Boston, Mass., on the brief), for appellant.

Benjamin Levin, of Boston, Mass. (J. J. Silverman and Alfred Sigel, both of Boston, Mass., on the brief), for appellees.

Before BINGHAM, ANDERSON, and WILSON, Ciruit Judges.

ANDERSON, Circuit Judge.

This is an appeal from orders of the District Court, adjudicating the appellant a bankrupt, denying a motion to recommit the

referee's report, and to strike out parts of the referee's report, and refusing to confirm appellant's application for confirmation of composition.

On February 3, 1930, three creditors filed an involuntary petition against the appellant, alleging insolvency and assignment for the benefit of creditors. The next day the appellant filed a petition for a meeting to consider a composition offer of 25 per cent. cash; and on the same day the case was referred to the referee "to hear and determine all matters of fact relating to said meeting and the proposed offer in composition."

On February 12, 1930, the appellant raised its offer in composition to 30 per cent. and duly prayed for a meeting to consider said offer.

On March 4, it made a third offer of 35 per cent., with a like petition.

No new order of reference was made to the referee.

On May 22, 1930, the referee filed his report. In it he dealt with a loan obtained from one Poorvu for $65,000, two days before the assignment for the benefit of creditors; he expressly found that this transaction "was made with intent to hinder, delay and defraud creditors." His report sets forth that, after he had expressed his belief that the composition ought not to be confirmed, and could not be confirmed if objections then vigorously urged by a substantial group of the creditors were pressed, Glunts, who had up to that time acted as counsel for the bankrupts, withdrew, and new counsel appeared (Guterman & Guterman), who thereupon, withdrew the offer of 30 per cent. and made a new offer of 35 per cent. So far as appears, up to that time no objection had been made to the referee's hearing the whole case, and dealing with the merits of the objections of creditors to the composition offer. But on May 21 the new counsel did file an objection, upon the ground that the referee had no jurisdiction to go into such questions under the order of reference of February 4, 1930, and that such proceeding was in direct contravention of section 12 of the Bankruptcy Act (11 USCA § 30).

The referee dealt with the matter as follows:

"The procedure of the referee in this case is objected to by counsel for the alleged bankrupt, who contend that when a majority of creditors accept an offer in composition the referee has no other duty or right than to make the necessary clerical record and computation and forward the case to the clerk of the District Court without comment. Such is the usual practice. When a case is thus received by the clerk of the District Court, notices are sent to all creditors, who have ten days in which to file objections to the confirmation of the offer. If no objections be received in that time the composition is confirmed as a matter of course. If objections are filed they are then referred back to the referee for a hearing and a report.

"The procedure in this case is in reality a short cut to the same result. I believe it is founded on good sense. When a responsible group of creditors, represented by reputable counsel, appear at the meeting to consider an offer in composition, and state a real reason in opposition, and satisfy the referee that they intend to press their objection to a final determination, why should that issue be postponed? It will eventually come back to the same referee for a finding and report on the same question. Why put the clerks of two offices to hours of extra labor, the estate to added expense, and the creditors to a serious delay? This referee must pass on this particular question sooner or later anyway. Why not the former? If he decides the objections are not sustained he so reports and the composition will go through without any delay, which would not have been caused had the case followed the usual procedure. If he decides that the objections are sustained and are sufficient in law to prevent confirmation of the composition, then considerable clerical labor of two offices is avoided, at least two weeks in time is saved and oftentimes a considerable sum of money.

"I recommend that the alleged bankrupt be adjudicated forthwith."

He also supplemented his report by finding that the formal requisites of a composition had been met.

On June 3 the bankrupt filed an application for confirmation of the composition.

On June 26, 1930, two creditors filed objections (with specifications) to such confirmation; on the same day the bankrupt filed motions to recommit the referee's report, "for the purpose of striking out from said report so much thereof as goes into and deals with the merits of the objections of creditors to the offer in composition"; and that the same matter be struck out by the court.

Both motions were denied by the District Court, and orders entered that the offer of composition be not confirmed, and for adjudication.

On July 26 a petition for appeal was allowed by the District Court. There are seven

assignments of error, all of which, except the last, are grounded on the court's refusal to deal with the referee's alleged extrajurisdictional conduct of the case. The seventh assignment is that the adjudication of bankruptcy was not warranted in law.

█ The petitioning creditors (appellees) move to dismiss the appeal as to all matters except the question of adjudication, on the ground that the other matters sought to be reviewed are proceedings in bankruptcy, appeals concerning which may be allowed only in the discretion of the appellate court, and no petition for appeal has ever been presented to this court.

This motion must be granted. In re McVoy Hardware Co. (C. C. A.) 200 F. 949; In re Graham & Sons (C. C. A.) 252 F. 93. See also Taylor v. Voss, 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 889; Ahlstrom v. Ferguson (C. C. A.) 29 F.(2d) 515; Broders v. Lage (C. C. A.) 25 F.(2d) 288.

█ But it appears that the decree of adjudication was based on, or involved, these orders of the court below relating to the referee's report, and therefore they may be considered under the rule laid down in Miller's Apparel v. Simonoff (C. C. A.) 29 F.(2d) 507.

█ It is far from clear that the referee's proceedings were extra-jurisdictional. The original order of reference, dated February 3, 1930, povided, inter alia, that he should "hear and determine all matters of fact relating to said meeting and the proposed offer in composition." What the referee did was merely to deal with "all matters of fact relating * * * to the proposed offer in composition." The order was broad enough to give him the jurisdiction he assumed, to deal with the facts, including the fraud of the bankrupt on his creditors.

Support is lent to this conclusion by the sixteenth bankruptcy rule of the District Court, which provides: "Upon the acceptance of terms of composition by the creditors, the referee shall send to the clerk's office a list of the claims proved and his report concerning * * * (5) the propriety of confirming the composition." This rule seems to contemplate the exact procedure before the referee in this case.

We find nothing showing prejudicial error.

The decree of the District Court is affirmed, with costs to the appellees.

On Petition for Rehearing.

BINGHAM, Circuit Judge.

February 3, 1930, creditors filed an involuntary petition against the appellant, alleging insolvency and an assignment for the benefit of creditors. February 4, the alleged bankrupt filed a petition for a meeting of creditors to consider an offer of composition of 25 per cent. cash, and the same day the case was referred to the referee "to hear and determine all matters of fact relating to said meeting and the proposed offer in composition." February 12, 1930, the alleged bankrupt raised its offer in composition to 30 per cent. and, on March 4, 1930, to 35 per cent.

May 22, 1930, the referee filed his report in which he found that the bankrupt, two days before it made the assignment for the benefit of its creditors (the act of bankruptcy charged), obtained a loan from one Poorvu of $65,000, "with intent to hinder, delay and defraud creditors"; and, while he reported a finding that the formal requisites of a composition had been complied with, he expressed belief that the composition ought not to be confirmed, and recommended that the alleged bankrupt be adjudicated forthwith.

On June 3, 1930, the bankrupt filed an application for confirmation of composition under section 12b, Bankr. Act (11 USCA § 30(b); June 27 two creditors filed objections to the confirmation, and, on the same day, the bankrupt filed a motion to strike out that part of the referee's report wherein he found that the bankrupt procured said loan with intent to hinder, delay, and defraud its creditors; and also filed a motion to recommit the report to the referee for the same purpose. June 27, 1930, both motions were denied, and on the same day the District Court ordered the application for confirmation be denied and ordered adjudication.

This appeal is from the order denying the application for confirmation and from the order of adjudication, and was allowed by the District Court.

There is nothing in the record showing that, after the bankrupt filed its application for confirmation, any "date and place" were fixed for a hearing upon the application; nor does it appear from the record that, after the application for confirmation was filed, notices were sent to creditors, or that they had waived notice in writing, as required by section 58 of the Bankruptcy Act (11 USCA § 94). Section 58 expressly requires ten

days' notice of "all hearings upon applications for the confirmation of compositions."

In our opinion of November 26, 1930, it was held that the order of reference of February 4, 1930, was "broad enough to give him [the referee] the jurisdiction he assumed, to deal with the facts, including the fraud of the bankrupt on his creditors." Reconsideration of the matter discloses that it is entirely immaterial whether the order of reference was broad enough to give the referee that jurisdiction or not. The question is, not whether the order was broad enough, but whether, at the time the order of reference was made, the District Court had jurisdiction to make an order authorizing the referee to pass upon the question—whether the bankrupt had been guilty of an act to defraud its creditors, a violation of the Bankruptcy Act.

The application for confirmation was filed June 3, 1930, substantially four months after the order of reference was made, and some time after the referee's report was filed. The filing of the application was the bringing of a proceeding in bankruptcy. It could not be filed in the bankruptcy court "before" the offer in composition was accepted by a majority in number and amount of all creditors whose claims had been allowed, and, by the express language of section 12b, it had to be filed "after" that time; and, when filed, the court was required to fix "a date and place" of hearing (section 12c, 11 USCA § 30(c) thereon; and, having done this, order notice to creditors as required by section 58. When these things were done, and then only, did the court have jurisdiction over the proceeding and authority to order a reference to a referee or master to hear and determine the facts material to the granting or denial of the bankrupt's application for confirmation.

It is clear that the court was without jurisdiction to make such an order, for, at the time, no application for confirmation had been filed. Consequently, the motion of the bankrupt to strike out the finding above referred to should have been granted and the finding not considered.

The order of reference of February 4, 1930, was too broad, for at the time it was made, no application for confirmation had been filed and served, and the court was then without power to refer matters relating to granting or denying an application for composition, in case one should be thereafter made.

If rule 16, sub. (5), is in conflict with this opinion, it is too broad and invalid.

It is not clear on the record whether the order of adjudication was entered under the discretionary power of the court to make such order before or after composition, or was based on the finding of the referee, which had been improperly included in his report. If the latter, then the order of adjudication should be vacated; otherwise not.

We are also of the opinion that the appeal was properly taken in the District Court from the order denying confirmation of the composition (section 25a(2), 11 USCA § 48 (a)(2); for in this case the order denying the confirmation was based on the finding that the bankrupt had committed an act of fraud on its creditors and in violation of the Bankruptcy Act, which finding of fact, as a plea, would be a bar, and as evidence would be conclusive on the bankrupt's application for its discharge, provided its estate was wound up in bankruptcy. Sawyer v. Orlov (1st Cir.) 15 F.(2d) 952; Sutton v. Wentworth (1st Cir.) 247 F. 493, 501.

We have held that an order granting an application for confirmation operates as a discharge in bankruptcy (Rosenberg v. Borofsky, 295 F. 500), and, where a denial of confirmation is based upon a finding of fact which, if pleaded, would be a bar, and as evidence would be conclusive on an application for a discharge in winding up a bankrupt's estate, it is likewise an order denying a discharge, and appealable under section 25a (2), though made in a proceeding for confirmation. United States v. Hammond (6th Cir.) 104 F. 862; In re McVoy Hardware Co. (7th Cir.) 200 F. 949, 950. See, also, Sawyer v. Orlov, supra.

Our decree of November 26, 1930, affirming the decree of the District Court, must be vacated, and our order is:

The decree of the District Court denying confirmation is vacated and the case is remanded to that court for further proceedings not inconsistent with this opinion; no costs.

ANDERSON, Circuit Judge (dissenting).

It is now held that section 12b is jurisdictional, not merely directory of a proceeding largely equitable in nature. I doubt this highly technical construction of an act, in which equality and speed in the distribution of assets are outstanding features. 11 USCA note 42 and cases cited. The referee's procedure was plainly in the interest of speed, and I still think involved no prejudicial error.