*521
 
 Mr. Justice WAYNE.
 

 This is an appeal from a decree of the Circuit Court of the United States for the Northern District of California.
 

 The complainant seeks to obtain a perpetual injunction to restrain the defendants from piling and improving a lot of land claimed by them, which is said in the bill to be within the inside of the water front line of the city óf San Francisco, and always covered by the tidewaters of the bay. ■ He states that he is the owner in fee simple, and is in possession of two parcels of land ; the first beginning at a point where the east line of Sanson street intersects the south line of Filbert street, running thence southwardly along the east line of Sanson.street 137 feet; thence east/ at right angles to Sanson street, 275 feet; thence north, parallel with Sanson street, 137 J feet, to- a point in range with thes'outh line of Filbert street; thence west 275 feet to the point ofbegin ning. The second,
 
 “
 
 A lot beginning at a point where the east line of Sanson street intersects the northern line of Filbert street-; thence north along the east line of Sanson street 137£ feet; thence at right angles to Sanson street 275 feet; thence south, parallel with Sanson street, 137J feet, to a point in range with the north line of Filbert street; thence 275 feet to the place of beginning.”
 

 The complainant asserts that he is in the exclusive occupation and possession of both lots of land under a title in fee; that he has buildings and improvements upon them of the value of .$200,000. He further avers that hi’s lots originally fronted on and were a part of the natural shore of the bay of San Francisco; that they had a deep and high bank in the rear, with a bold and deep water in front, where the tide ebbed and flowed, where ships of the largest class navigated in safety to receive and discharge cargo. Passing over other allegations in the bill not necessary to be mentioned in this connection, the complainant asserts that he commenced to make his improvements in the year 1851, and that he had used and enjoyed them, for the purposes for which they had been constructed, until interfered with by the defendants, having piles driven in front of hia premises, under the navigable waters of the bay, extending over
 
 *522
 
 a space of 275 feet square. That the .defendants assert, notwithstanding his remonstrances against such piling, that they have a right to drive them, and declare it to be their intention to build a wharf upon a lot which they claim, situate as follows: Beginning at the northeast corner formed by the extended lines of Filbert and Battery streets, being a lot of land covered by the navigable tide of the bay of San Francisco, &c., &c., where ships of the largest class habitually pass and repass in their approaches to the complainant’s warehouses. It is then averred that if the piling shall be done at that point that it will interfere with the public use of the harbor and .the-bay, obstruct the navigation, divert the tide from its usual flow and ebb, change its current,' and shallow the water by deposits of sediment, as it has already done, there being shallower water at the point designated than there had been before the defendants wrongfully began to pile there, and particularly so in front of the complainant’s premises, than there had been when he began to improve his premises in the year 1851; that the depth of the water there is being constantly lessened by said piling, greatly to the complainant’s pecuniary loss, and will be to his irreparable injury unless the defendants shall be restrained from continuing their unlawful acts by an injunction, and by a decree of the Court for the abatement of the defendants’ piling as a nuisance. That the piling which has been done by the defendants is contiguous to his premises; that it is on a lot covered by the ebb and flow of the tide of the bay of San Francisco, and that the defendants claim the lot to be within the City of San Francisco.
 

 The defendants filed a general demurrer to the bill. We think that the Court erred in sustaining it, and in dismissing the bill of the complainant for want of an amendment, which the Court directed to be made by the next rule day. On the demurrer the ruling of the Court should have been for the complainant, instead of which the Court dismissed his bill. The only point, in our view of the case, when it was on its hearing in the Court below, was, whether the complainant had not shown, by the facts stated on the face of his bill, artificial as it may be in point of form, a case for relief within the jurisdiction
 
 *523
 
 of a Court of Equity. We think it to be so, and shall remand it to the Court below for amendment and further procedure, as in the judgment of that Court, the case may require.
 

 We further observe that the filing of a general demurrer was not in the pleadings, and facts of the case a proper defence. The defendants might have resorted to a plea alleging matter, which, if appearing on the face of the bill, would have been a good cause of demurrer, or the bill should have been answered. The demurrer .filed was a denial in form and substance of the right of complainant to have his case considered in a Court of Equity, but an admission that all the allegations of it which were properly pleaded were true. In respect to what was said in the argument that this Court would, on the general demurrer of the defendants, judicially notice the Acts of California relating to the harbor of San Francisco, and particularly of the Water Lot Act of the 26th March, 1851, we will only remark that we should do so if the pleading in the .case was such as permitted it to be done, and if we did not think, as we have already said, that upon that plea that the cause should not have been dismissed, and that the Courts should have ruled in favor of the complainant; and it is now here ordered, adjudged and decreed by this Court, that the decree of the said Circuit Court in this cause be, and the same is hereby reversed, each party paying his own costs on this appeal in this Court, and that this cause be, and the same is hereby remanded to the said Circuit Court for further proceedings to be had therein, in conformity to the opinion of this Court.