## LOGAN *v.* CLOUGH.

PLEADING — *complainant's title in bill for injunction.* In a bill to restrain the probate judge of Arapahoe county from selling a lot in the city of Denver, under the act approved February 8, 1872, to provide for the further execution of the trust relating to the town site of the city of Denver, and to regulate the same (9 Sess. 191), it is not necessary to set forth at length the title of complainant.

*As to the title,* it is sufficient to allege that a former probate judge held the lot in trust for complainant, under the act of congress of May 28, 1864, " for the relief of the citizens of Denver (13 Stat. at Large, 94) ; that he conveyed the same to complainant in execution of the trust, and that complainant is the owner of the legal estate.

*Appeal from District Court, Arapahoe County.*

THE bill which was filed October 5, 1872, alleges that complainant is seized in fee of lot numbered thirty in block numbered forty-nine, in the east division of the city of Denver, the same being within the limits of the west half of section numbered thirty-four, township three, south of range sixty-eight, west, etc. That, on the 28th day of January,

A. D. 1868, Jacob Downing, then probate judge of the county of Arapahoe, held said lot in trust for complainant under authority of the act of congress, approved May 28, A. D. 1864, for the relief of the citizens of Denver. That, in the exercise of the power in him vested by said act of congress, for a valuable consideration, and for other good and sufficient consideration, the said probate judge conveyed to said complainant the title in fee simple, and that said deed was duly acknowledged and recorded. That the said complainant, for a long time prior to the execution and delivery of said deed, was thence, hitherto and now is, in the actual possession and occupation of the said lot. That the said defendant, acting as probate judge of said county and pretending that the trust as to said lot had never been executed, threatens to sell the same at public vendue, and as probate judge aforesaid, to make, execute and deliver to the highest bidder therefor, a deed purporting to convey to such purchaser the title in fee of said lot.

The prayer is for injunction and relief. A demurrer to the bill was sustained and complainant appealed.

The chief-justice did not sit at the hearing.

Messrs. FRANCE & ROGERS, for appellant.

Mr. M. BENEDICT, for appellee.

BELFORD, J. The appellant filed his bill in the court below to enjoin and restrain the appellee, who was probate judge, from selling lot number thirty (30) in block number forty-nine (49) in the east division of the city of Denver.

The bill alleges that the appellant is the owner in fee of said property. It is further alleged that on the 28th day of January, 1868, Jacob Downing, then probate judge of the county of Arapahoe, held said lot in trust for complainant, under authority of the act of congress, approved May 28th, 1864, for the relief of the citizens of Denver. That, in the exercise of the power in him vested by said act of congress,

for a good and valuable consideration the said probate judge conveyed to said complainant the title in fee simple, and that said deed was duly acknowledged and recorded. That the said complainant, for a long time prior to the execution and delivery of said deed, was and now is in the actual possession and occupation of said lot. That the defendant, acting as probate judge of said county, and pretending that the trust as to said lot had never been executed, threatens to sell the same at public vendue, and as probate judge aforesaid, to make, execute and deliver to the highest bidder therefor, a deed purporting to convey to such purchaser the title in fee of said lot. The charging part of the bill contains these distinct averments, that the title in fee is in the complainant, and has been since the 28th day of January, 1868, and that the trust confided by the act of congress as to said lot has been fully and completely executed. The prayer is the usual one for injunction and relief. To this bill a general and special demurrer were filed. The special causes assigned are seven in number. We will simply set out those which appear to be entitled to serious consideration.

1. That the bill does not show compliance with the laws of the territory in the execution of the trust.

2. That it does not show that Downing had any title, or that his predecessors had ever entered the same, or that he became charged with the execution of the trust.

3. That it does not show that complainant was a beneficiary under the trust.

The demurrer was sustained, and the bill dismissed. Does the complaint present a *prima facie* case? If so, the ruling on the demurrer was erroneous. The solution of this problem may be aided by inquiring whether it is necessary to set out the several steps through which a title is perfected.

I know of no rule imposing this burden, and to exact such detail and minuteness would make questions of title exceedingly complicated. It seems to me that a simple averment that the title to the premises is vested in the plaintiff is suf-

ficient. Such an averment is found in this bill. *Nourse* v. *Allen*, 4 Blatchf. C. C. 378. It can hardly be claimed that the complainant loses the benefit of this positive averment by ambiguously representing the title of Downing, or stating it in a doubtful form. Nor is it perceived how, in pleading, the averment of title is made better by carrying it back a step or two farther. An abstract is no doubt unsatisfactory, if it commence at a date too recent; but an averment in pleading of the title of a party is not made more positive or certain by the statement that his ancestor, or those under whom he claims were also entitled.

When it is averred that one is seized in fee, does the averment gather any strength or weight from an additional allegation that the complainant derived his title from A, who obtained a patent from the government? *Houghton* v. *Reynolds*, 2 Hare, 267 ; *Gibb* v. *Griffing*, 2 Black, 519. See *Wiggins* v. *The Mayor, etc.*, 9 Paige, 156.

It is conceded that in some cases, such as in actions to restrain the commission of waste, a greater degree of precision is required. The defendant then is in possession, and the party seeking to restrain him must do it on the ground of some privity of estate. It is necessary, therefore, that the complainant should set out his right with accuracy and certainty, that the court may judge of the propriety of interference. And yet, in a case of waste, where the bill alleged that the land had been conveyed to complainant by deed (naming the grantor), which deed he had accepted, it was held that the bill contained the necessary allegations of title. *London* v. *Warfield*, 5 J. J. Marsh. 197.

So, also, it has been held that in bills of injunction to restrain trespass or nuisance, it is sufficient to allege that the complainant is seized in fee. *Van Winkle* v. *Curtis*, 2 Greene's Ch. 425 ; Hilliard on Inj. 46. If a bill for discovery were filed against one in possession to compel him to disclose his title, I apprehend that the greatest strictness would be required in setting out the complainant's rights ; but this is not a bill for discovery, nor is the respondent in

possession of the property. If the averment of seizure in fee is sufficient to give the court cognizance of the case, then the allegations as to Downing would be immaterial in the issue presented by the general demurrer, it being well settled that a demurrer cannot be sustained if any proof properly called for, by and founded upon the allegation in the bill can make the case a proper subject for equitable jurisdiction. *Bleeker* v. *Bingam*, 3 Paige, 84. The allegation as to Downing is not as specific as it might be made, but still it is sufficiently certain to apprise the respondent of the source through which the complainant's title comes.

It is averred that Downing as probate judge held this lot in trust for the complainant, under the act of congress of May 28th, 1864, entitled "An act for the relief of the citizens of Denver," and that Downing, as such probate judge, in execution of such trust so created, conveyed by deed to the complainant the property in question, which deed is attached to the bill and referred to for greater certainty. It seems to me that the statements upon the whole represent distinctly enough that the claim of the plaintiff is founded upon the trust created by the act of congress of May 28th, 1864, and they inform the defendant of the nature of the case against which he is required to defend himself. When it is averred that the property was held in trust for the plaintiff under the act of congress, and that by virtue of such act the deed of conveyance was made, I apprehend that that averment notified the defendant that the plaintiff was claiming as a beneficiary of such trust. *Champlin* v. *Parish*, 3 Edwards' Ch. 613. Nor am I aware of any rule which requires the pleader to state in his bill every fact which makes up the trust. The trust once alleged, the method of establishing it belongs to the domain of evidence. It is true that a title, apparently good, may be stated in a bill, and yet the plaintiff may not really have the title he states, either because he misrepresents himself or because he suppresses some circumstances respecting his title which, if disclosed, would show either that nothing was

ever vested in him, or that the title which he had has been transferred to another. Where these matters are not apparent in the bill, they must be raised by plea, and cannot be taken advantage of by demurrer.

Whether Logan has a good title or not is not now pertinent; it is sufficient if the bill discloses an apparently good title. I desire to be understood as expressing no opinion as to the right of Logan, if he were not in occupation of the property at the date of the entry, because that is a question which does not properly arise on the demurrer, and for a like reason I decline to express an opinion as to the validity of the act "To provide for the further execution of the trust relating to the town site of the city of Denver, and to regulate the same." The bill charges that Downing held this land in trust for Logan. This is an allegation which must be established by evidence. If he were a beneficiary of the trust, Logan must show that fact. It will be time enough to decide that question when it is properly presented. The demurrer admits that Logan owned this property in fee simple, and it was manifestly wrong for the court, in the face of this admission, to dismiss this bill. *Griffing* v. *Gibb*, 2 Black, 519.

It is further stated in the demurrer that this is not a case for the jurisdiction of a court of equity. The prayer of the bill is that the defendant be enjoined from selling the property in question, and from executing and delivering any conveyances therefor, in other words, from doing an act which will cast a cloud upon the complainant's title. Whatever doubts may have at one time existed as to the jurisdiction of a court of equity in such cases, they are now put at rest by the modern decisions, and the relief afforded seems to be on the principle of a bill *quia timet*, lest the sale to be made might embarrass the complainant in his rights, or the deed to be executed might cast suspicion on his title. Speaking on this subject, BELLOWS, J., in *Tucker* v. *Kenniston*, 49 N. H., says: "The application for this species of relief is by a bill *quia timet*, and is addressed to the sound discretion of the chancellor upon

the circumstances of the particular case; and the relief will ordinarily be afforded when injury may reasonably be apprehended." In *Pellett* v. *Shepard*, 5 Paige's Ch. 493, it was held that upon the same principle that the court would remove a cloud already existing upon the owner's title, it would interfere to prevent a conveyance that would create such a cloud. *Bank* v. *Schultz*, 2 Ohio, 471; *Burnett* v. *Cincinnati*, 3 id. 73.

It is further alleged in the bill that for a long time prior to the filing of the same, the plaintiff had been in the actual occupation of this property. In some States mere occupation is regarded as sufficient to entitle one to this kind of relief. *Apperson* v. *Ford*, 23 Ark. 761; *Moody* v. *Holcomb*, 26 Texas, 714.

In the view I have taken of this case, the decree of the court below should be reversed, with directions to reinstate the case, and overrule the demurrer.

WELLS, J. In the opinion delivered by Mr. Justice BELFORD, great importance seems to be attributed to the averment of the bill, that the complainant is seized in fee of the premises which are the subject-matter of the controversy. In my judgment this allegation is not entitled to the consideration accorded to it. The complainant may have the legal estate by a conveyance executed in disregard of the conditions and instructions imposed by the statute, which assuredly would give no standing in a court of equity. The bill, however, does contain an averment that Downing, as probate judge, held the premises in trust for the complainant, which may suffice. I concur, therefore, in reversing the decree of the district court.

*Reversed.*