## E. B. BADGER CO. et al. v. ARNOLD et al.

### In re WINNISIMMET SHIPYARD, Inc.

(Circuit Court of Appeals, First Circuit. November 29, 1921. On Rehearing June 27, 1922.)

#### No. 1519.

1. **Bankruptcy ⬤⟿92—Sufficiency of involuntary petition may be tested by motion to dismiss.**

   If an involuntary petition fails to state facts sufficient to authorize an order of adjudication, its sufficiency may be tested by a motion to dismiss.

#### On Rehearing.

2. **Courts ⬤⟿351½—Issue of fact cannot be raised by motion to dismiss.**

   Under equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) a motion to dismiss is proper, where it raises a question of law based on the allegations of the bill, but not where it tenders an issue of fact upon which to predicate a legal question, as where an issue of fact is tendered it must be by answer.

3. **Bankruptcy ⬤⟿92—Petition held not subject to motion to dismiss.**

   An involuntary petition against a corporation, which alleged as the act of bankruptcy appointment of receivers for the corporation because of insolvency, *held* not subject to attack by motion to dismiss on the ground that the receivers were not appointed because of insolvency, which motion incorporated therein the record in the receivership suit, thereby raising an issue of fact.

4. **Bankruptcy ⬤⟿60—Record held conclusive that appointment of receiver was not "act of bankruptcy."**

   Where the record in a receivership suit against a corporation shows that receivers were not appointed because of insolvency, as defined in Bankruptcy Act, § 1, cl. 15 (Comp. St. § 9585, cl. 15), it is conclusive that such appointment did not constitute an act of bankruptcy, under section 3a, cl. 4, as amended in 1903 (Comp. St. § 9587a, cl. 4).

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Act of Bankruptcy.]

   Anderson, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

In the matter of the Winnisimmet Shipyard, Inc., alleged bankrupt. From a decree dismissing the petition on motion of Edmund K. Arnold and others, the E. B. Badger Company and others, petitioners, appeal. Reversed.

Mark M. Horblit, of Boston, Mass. (Jacob Wasserman, Victor Levine, and Horblit & Wasserman, all of Boston, Mass., on the brief), for appellants.

Edmund K. Arnold, of Boston, Mass. (Peabody, Arnold, Batchelder & Luther, of Boston, Mass., on the brief), for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a decree of the District Court for Massachusetts dismissing a petition in bank-

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ruptcy brought by G. R. Armstrong Manufacturers' Supplies, Inc., a Massachusetts corporation, Bernard Sackovitz, a citizen of Massachusetts and E. B. Badger & Sons Company, a Massachusetts corporation, against the Winnisimmet Shipyard, Inc., a Massachusetts corporation. The petition contains the following allegation:

"And your petitioners further represent that said Winnisimmet Shipyard, Inc., is insolvent, and that within four months next preceding the date of this petition the said Winnisimmet Shipyard, Inc., committed an act of bankruptcy, in that heretofore, to wit, on or before the 24th day of November, 1920, because of insolvency, Edmund K. Arnold of Boston, Mass., and William R. Green, of Boston, Mass., were appointed receivers and put in charge of the property of said corporation under the laws of the United States."

The petition was filed March 24, 1921. April 7, 1921, Edmund K. Arnold and William R. Green, the receivers appointed under the laws of the United States by the District Court of Massachusetts for the Winnisimmet Shipyard, Inc., on the 24th day of November, 1920, and certain creditors of the Winnisimmet Shipyard, Inc., filed motions to dismiss the petition, assigning as reasons therefor:

"1. Said petition on its face does not state any facts upon which an adjudication in bankruptcy can be granted herein. ·

"2. The first ground upon which the involuntary petition is filed is the appointment of receivers of the property of the alleged bankrupt. Said appointment was made by decree of this honorable court in Crandall Engineering Company, a Maine corporation, against Winnisimmet Shipyard, Inc., a Massachusetts corporation, Equity No. 1044. The proceedings in said equity case are hereby referred to and made a part of this motion. As appears from the face of said bill in equity and by examination of said bill, it affirmatively appears that no act of bankruptcy has been committed by the alleged bankrupt."

The petitioners state in their assignment of errors that the court ruled (1) that in determining whether the receivers were put in charge of the property of the alleged bankrupt because of insolvency the court could not consider evidence outside the record in the equity suit wherein said receivers were appointed; (2) that the sufficiency of the petition may be raised on a motion to dismiss even though said motion to dismiss is based on matters of record in another suit pending in the District Court; and (3) that the court could take judicial notice of the record in the equity suit pending in the District Court—and erred in so ruling.

Equity rule 29 provides that:

"Every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or in the answer. * * * "

[1] It must be conceded that if the petition fails to state facts sufficient to authorize a decree of adjudication the question of its sufficiency may be tested by a motion to dismiss. The motion admits all facts definitely pleaded, but not mere conclusions of the pleader. In re Rosenblatt & Co., 193 Fed. 638, 113 C. C. A. 506; In re Connecticut Brass & Mfg. Corporation (D. C.) 257 Fed. 445. The allegation that the Winnisimmet Shipyard, Inc., was insolvent is indefinite

and at most a mere conclusion of the pleader. The petition should have alleged 'facts showing that the company's assets, at a fair valuation, were insufficient in amount to pay its debts, for the establishment of such facts are essential to a decree of adjudication under the Bankruptcy Act of 1898 (Comp. St. §§ 9585–9656). In re Butler & Co., Inc., 207 Fed. 705, 125 C. C. A. 223.

As the petition failed to allege facts showing that the assets of the Winnisimmet Shipyard, Inc., at a fair valuation, were not sufficient in amount to pay its debts, the petition was properly dismissed, unless the reference in the petition to the appointment of the receivers in the equity cause incorporated the record in that case as an allegation in the petition and thereby showed that the Winnisimmet Shipyard, Inc., was insolvent in fact, and because of such insolvency was put in the hands of receivers. We think it may fairly be said that the allegations of the petition are such as to incorporate the record in the receivership proceeding. But, however this may be, the petitioners cannot complain, for it gives them the advantage of such a course of action if any advantage is to be derived from it. Such being the case the District Court was not called upon to take judicial knowledge of the receivership proceeding or rule on the admissibility of evidence, and we do not regard the case as presenting any such questions.

In the equity proceeding it was alleged in the bill that the Winnisimmet Shipyard, Inc., owed about $780,000; that it had quick assets of about $335,000 and fixed assets of about $1,250,000; that it was unable to meet its obligations as they matured in the ordinary course of business; and that its property would be wasted and great value lost unless a receiver was appointed to conduct the business. The answer admitted the allegations of the bill and a decree entered on November 24, 1920, stated that:

"Upon consideration of the bill of complaint and the answer thereto, it appearing therefrom that the defendant's property at a fair valuation is sufficient in amount to pay its debts, but that it is unable to meet its obligations as they mature in the ordinary course of business, and that its property may be wasted and great value be lost unless a receiver be appointed of its property, and that the uninterrupted operation of its plant is essential to the public interest, now therefore  *  *  * it is

"Ordered, adjudged, and decreed that Edmund K. Arnold, of Boston, and William R. Green, of said Boston, be and they hereby are appointed [temporary] receivers of all the assets and property of the defendant wheresoever situated," etc.

The decree also directed the receivers to take possession of all the assets and property of the defendant wherever situated and to carry on its business "until further order of the court," and it was ordered that "notice of this proceeding be given to all persons interested by publication of this order in two daily newspapers published in Boston, Mass., and by mailing a copy of this order to every creditor of the defendant as its address appears upon the defendant's books, to appear before this court at 10 o'clock a. m. on Thursday, December 2, 1920, to show cause why such receivership should not be continued." And on December 2, 1920, the order of notice having been returned,

and no one appearing by person or by counsel who desired to be heard in opposition to the continuation of the receivership, it was continued by force of the original decree.

As the record in the receivership proceeding shows that the Winnisimmet Shipyard, Inc., was not put in the hands of receivers because it was insolvent in fact, but because it was unable to meet its obligations as they matured, its incorporation in the petition does not supply the necessary allegations. On the contrary, it shows definitely that the facts essential to establish the act of bankruptcy contemplated by the provisions of the statute here relied upon are wanting.

The decree of the District Court is affirmed, with costs to the appellees.

### On Rehearing.

Since our opinion was handed down in this case on November 29, 1921, an application for rehearing has been made and a rehearing had, and we are satisfied that in our former opinion we placed too strict an interpretation upon the allegation of insolvency contained in the bankruptcy petition, and are also satisfied that the decree in the equity receivership case is not incorporated by reference in the petition, and that the allegations as to the insolvency of the defendant and the act of bankruptcy relied upon are sufficiently definite.

[2] There remains, therefore, for us to consider the scope of a motion to dismiss filed under equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), and whether the second paragraph of the motion sets forth matter which may properly be included in such a motion.

Equity rule 29 provides that:

"Every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or in the answer; and every such point of law going to the whole or a material part of the cause or causes of action stated in the bill may be called up and disposed of before final hearing at the discretion of the court. Every defense heretofore presentable by plea in bar or abatement shall be made in the answer and may be separately heard and disposed of before the trial of the principal case in the discretion of the court."

It seems to us that the evident meaning of this rule is that, where it appears from the allegations of the bill that a party has been joined who, as a matter of law, should not have been, or that a party has not been joined who, as a matter of law, should have been, or that the facts alleged are insufficient in law to constitute a valid cause of action, the questions may be raised by motion to dismiss in the nature of a demurrer; that a motion to dismiss under this rule is proper, where it raises a question of law based upon the allegations of the bill, and not where it tenders an issue of fact upon which to predicate a legal question; that, where an issue of fact is tendered, it must be made in the answer.

[3] While the first paragraph of defendants' motion presents a question of law arising on the allegations of the petition (which question we have disposed of), the second paragraph tenders an issue

of fact and calls for proof, for it alleges that the receivers who were put in charge of the Winnisimmet Shipyard, Inc., were appointed by a decree of the District Court for Massachusetts in an equity proceeding brought by the Crandall Engineering Company against the Winnisimmet Shipyard, Inc., the record of which proceeding is referred to and made a part of the motion, and upon a determination of this issue of fact in their favor the proponents of the motion claim that the petition in bankruptcy cannot be maintained, as it conclusively appears by the equity decree that the Winnisimmet Shipyard, Inc., was not put into the hands of receivers because of insolvency.

The court below, mindful of the fact that the plea tendered an issue of fact and called for proof, took judicial notice of the equity decree on its being called to his attention, and ruled that the decree disclosed that the equity receivers were not appointed because of insolvency, that the decree was conclusive upon that question, and that the petitioners were precluded from introducing testimony.

Counsel for the respective parties have argued at length the question whether the equity decree was or was not conclusive; but we do not regard the question open on this appeal, for the reason that it is not essential to a determination of the case as now presented, we having held that the allegations of the petition were sufficient.

If in a proper case, the District Court could take judicial notice of a decree rendered in its court in another proceeding, instead of calling upon the party having the burden of showing the fact to present the decree in evidence, this was not such a case, for the second paragraph of defendants' motion was not authorized by rule 29, as it tendered an issue of fact and not an issue of law. Griffing v. Gibb, 2 Black (U. S.) 519, 17 L. Ed. 353; Stewart v. Masterson, 131 U. S. 151, 9 Sup. Ct. 682, 33 L. Ed. 114; People v. Michigan Central R. Co., 145 Mich. 140, 108 N. W. 772.

Furthermore, we have held in a suit in equity to obtain a patent under Revised Statutes, § 4915 (Comp. St. § 9460), that it was error for the court, on a motion to dismiss, setting out a judgment and proceedings in a prior interference between the parties (which were not referred to and made a part of complainant's bill), to receive or consider the judgment and proceedings, it being matter for the defendant to plead and prove, if he desired to avail himself of it; that the defendant, by setting out new matter in his motion, could not impose it upon the plaintiff as a part of his affirmative case made by the bill. Sutton v. Wentworth, 247 Fed. 493, 499, 501, 160 C. C. A. 3.

[4] While a determination of the question of the legal effect of the equity decree is not essential to the disposition of the case as here presented, yet, as the decree of the court below must be reversed and the case remanded for further proceedings, when the question of its effect will undoubtedly be raised, we think it proper for us to consider the question, so that the case may be finally disposed of without the necessity of a subsequent appeal.

In our former opinion in this case the allegations of the bill in the receivership proceeding are stated and a recital of the grounds of the decree is made, and it is pointed out that the record in that proceeding

shows that the Winnisimmet Shipyard, Inc., was not put into the hands of receivers because it was insolvent in fact, but because it was unable to meet its obligations as they matured, and that it showed definitely that the facts essential to establish the act of bankruptcy here relied upon were wanting, namely, that the Shipyard Company was put into the hands of receivers because of insolvency. And the question is whether the decree is conclusive upon that question.

As the decree in the equity suit shows definitely that the Shipyard Company was not put into the hands of receivers because of insolvency in the bankruptcy sense (section 1, cl. 15 [Comp. St. § 9585, cl. 15]; section 3a, cl. 4, of the Bankruptcy Act of 1898, as amended in 1903 [Comp. St. § 9587a, cl. 4]), we regard the question of its conclusiveness determined for this circuit by our decision in Re William S. Butler & Co., Inc., 207 Fed. 705, 125 C. C. A. 223. See also In re Spalding (2d Circuit), 139 Fed. 244, 71 C. C. A. 370.

Our previous order in this case is set aside, the decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion, without costs.

ANDERSON, Circuit Judge (dissenting). With the conclusion of the majority—that in our former opinion we placed too strict an interpretation upon the allegation of insolvency in the bankruptcy petition, —I concur. But from the rest of the opinion and from its result I dissent. The case involves, I think, an error in procedure sufficiently important to warrant a brief statement.

The court is reversing and remanding for rehearing when, as the record before us conclusively shows, there is nothing to rehear, and when the decision below is in effect held to be right. We are thus disregarding the Act of February 26, 1919, 40 Stat. 1181, amending section 269 of the Judicial Code (Comp. St. Ann. Supp. 1919, § 1246), as follows:

"On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

The latter part of rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), set forth in the opinion of the majority, reads:

"Every defense heretofore presentable by plea in bar or abatement shall be made in the answer and may be separately heard and disposed of before the trial of the principal case in the discretion of the court."

Now, while the pleading on which the petition was dismissed was entitled "motion to dismiss," it was, in intrinsic meaning and in intended effect, a motion for a separate or advanced hearing on the plea in bar contained in the second paragraph of the answer. In that paragraph the receivers pleaded the proceedings in equity "hereby referred to and made a part hereof," and the so-called "motion to dismiss" again set up these equity proceedings and made them a part of the motion. No contention was or is made that the copies attached were not true copies. Besides, as I understand, we are all agreed that

the court below was correct in its ruling that it could take judicial notice of equity records in the same court. In re Connecticut Brass & Mfg. Co. (D. C.) 257 Fed. 445, and The Aquitania (D. C.) 270 Fed. 239, 240. That the equity records, thus before the court, were a conclusive bar to the allegations of the petition under the Butler Case, 207 Fed. 705, 710, 125 C. C. A. 223, we are, I understand, also agreed. That ends the petitioner's case.

Under rule 29, I think that issues of fact as well as of law may be determined. The court below, on a record adequate and conclusive, determined such an issue. That the title of the pleading was defective is, in my view, a very trifling technical error, which the statute, supra, requires us to disregard.

Compare Carlisle Packing Co. v. Sandanger, 258 U. S. ——, 42 Sup. Ct. 475, 66 L. Ed. ——, decided by the United States Supreme Court May 29, 1922.