674

In re INTERSTATE OIL CORPORATION.

A. & T. OIL CO. et al. v. INTERSTATE OIL CORPORATION.

No. 6884.

Circuit Court of Appeals, Ninth Circuit.
Feb. 20, 1933.

Craig & Weller, Thomas S. Tobin, Gold, Quittner & Kearsley, and Hiram E. Casey, all of Los Angeles, Cal., for appellants.

William A. Monten, of Los Angeles, Cal., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

WILBUR, Circuit Judge.

Appellants A. & T. Oil Company and Roy W. Burton and one C. F. Cather filed a petition in involuntary bankruptcy against

the Interstate Oil Corporation, a corporation. A motion to dismiss this petition was made by the Interstate Oil Corporation upon the ground, among others, that the petition did not state facts sufficient to constitute an act of bankruptcy, or to constitute the Interstate Oil Corporation a bankrupt. The court made the following order on October 5, 1931: " * * * Said motion to dismiss petition is granted with ten days' leave within which to file amended petition to clarify the word 'insolvency' appearing in the petition."

An amended petition was filed as permitted by the order of October 5, 1931, and the amended petition was also dismissed on motion of the alleged bankrupt on April 18, 1932. Appellants petitioned for allowance of an appeal from the order of October 5, 1931, sustaining the motion to dismiss the original petition and also from the order of April 18, 1932. The petition for appeal from both orders was granted. Appellants assign as error the granting of the motion to dismiss the original petition and the granting of the motion to dismiss the amended petition and also the holding that the intervening petitioning creditor, W. H. Soderberg, was disqualified from becoming a petitioning creditor.

■ The original petition was in the form authorized by the rules promulgated by the Supreme Court of the United States as general order No. 38 (11 USCA § 53). The claim advanced here by appellee in support of the order of October 5, 1931, is that an allegation of insolvency in this form is an allegation of a conclusion of law and consequently insufficient as an allegation of the fact of insolvency. In support of that contention appellee cites the decision of a District Court In re Connecticut Brass & Mfg. Co., 257 F. 445. However, the Circuit Court of Appeals of the Second Circuit has decided to the contrary. In re Automatic Typewriter & Service Co., 271 F. 1, 3. This view was also taken by the Circuit Court of Appeals of the First Circuit in E. B. Badger Co. v. Arnold, 282 F. 115, 117. In the original opinion in that case the court followed the ruling of the District Court in Re Connecticut Brass & Mfg. Co., supra, but on rehearing receded from that position and held that the allegation of insolvency was sufficient. We concur in this view.

■ The order of October 5, 1931, above quoted, states that the motion to dismiss the petition is granted with ten days within which to file an amended petition to clarify the word "insolvency" appearing in the petition. If this order should be interpreted to be a dismissal of the petition, the results flowing from the order are quite different from those which would arise from an order pendente lite granting leave to amend the petition because of its insufficiency. The parties evidently construed the order to be preliminary to the filing of an amended petition, and that in default thereof a formal dismissal would be entered upon the expiration of ten days. The court and parties evidently considered that this order, properly interpreted, merely indicated the purpose of the court to dismiss the petition at the end of ten days if an amended petition was not filed "to clarify the word 'insolvency.'" We cannot commend this form of order. The order should have given leave to amend the petition within ten days and state that in default thereof the motion to dismiss would be granted. The importance of this matter is manifest from the contention raised by the appellee on this appeal that the amended petition counts upon the same act of bankruptcy as the original, which occurred more than four months before the amended petition was filed. If the petition is merely an amended petition alleging acts of bankruptcy which occurred within four months before the original petition was filed, the amended petition relates back to the time of the filing of the original petition and is sufficient. This would not be the case if a new act of bankruptcy were relied upon or a new petition were filed. In re Havens (C. C. A.) 255 F. 478. See, also, decision by this court in Walker v. Woodside, 164 F. 680, 685. The order of October 5, 1931, was not a judgment refusing to adjudge the defendant a bankrupt from which an appeal may be taken under 11 USCA § 48 (a) (1); considered as an order granting leave to amend the petition by adding a statement of the facts showing insolvency, the appeal could be allowed by this court only (11 USCA § 47 (b), and in either event the appeal would have to be taken within 30 days of the order (11 USCA §§ 47 (c), 48). The appeal from the order of October 5, 1931, is therefore dismissed.

The allowance of leave to amend is therefore not reviewable in this case.

■ The appellants A. & T. Oil Company and Roy W. Burton, joining with appellant Walter H. Soderberg as an intervening petitioning creditor, filed the above referred to "Creditors' Amended Petition and Intervention." A motion was made by the Interstate Oil Corporation to dismiss this amended

petition upon several grounds, among others, that one of the original petitioners, C. F. Cather, did not join therein, but that instead Walter H. Soderberg did join therein; that the creditors' amended petition did not state facts sufficient in law to constitute an act of bankruptcy, or to constitute the Interstate Oil Corporation a bankrupt; that the alleged act of bankruptcy was committed more than four months prior to the filing of the amended petition; that at the time of filing the petition there was pending in the same court in equity a receivership proceeding brought by Edward N. Barnard wherein Reynold E. Blight had been appointed as receiver of the alleged bankrupt by an order made February 25, 1931. It was stated in the motion that it was based on the record and files in the bankruptcy case and in the above-mentioned equity case pending in the court. The trial judge granted the motion and dismissed the proceeding, making the following order: "I am of the opinion that petitioner Soderberg, having participated in the equity receivership, disqualified himself from thereafter becoming a petitioning creditor in a bankruptcy petition. Since this will leave the creditors' amended petition insufficient the motion to dismiss should be granted and it is so ordered."

An order of severance was subsequently made on motion of appellants, severing their interest from that of C. F. Cather, an original petitioning creditor, and authorizing an appeal to be prosecuted by appellants herein, the remaining petitioning creditors. A motion to dismiss is in the nature of a demurrer, and raises questions of law only. Remington on Bankruptcy, § 368; E. B. Badger Co. v. Arnold, supra. The disqualification of a creditor to participate in the petition should be set up by answer and not by motion to dismiss. In re Syracuse Stutz Co. (C. C. A.) 55 F.(2d) 914. It was error for the trial court to consider the question as to the disqualification of a petitioning creditor upon the motion to dismiss, where that disqualification was not shown upon the face of the petition. In re Syracuse Stutz Co., supra. The motion to dismiss did not allege either directly or inferentially the disqualification of petitioner Soderberg, consequently there was no issue on that subject raised by the motion, even if it be treated as an answer to the petition. Furthermore, it was error for the court to rule upon the disqualification of the creditor Soderberg by taking judicial notice of its own records in the equity case. E. B. Badger Co. v. Arnold, supra, page 118 of 282 F. In that case the

Circuit Court of Appeals of the First Circuit, on rehearing said:

"* * * That a motion to dismiss under this rule is proper, where it raises a question of law based upon the allegations of the bill, and not where it tenders an issue of fact upon which to predicate a legal question; that, where an issue of fact is tendered, it must be made in the answer. * * *

"The court below, mindful of the fact that the plea tendered an issue of fact and called for proof, took judicial notice of the equity decree on its being called to his attention, and ruled that the decree disclosed that the equity receivers were not appointed because of insolvency, that the decree was conclusive upon that question, and that the petitioners were precluded from introducing testimony.

"Counsel for the respective parties have argued at length the question whether the equity decree was or was not conclusive; but we do not regard the question open on this appeal, for the reason that it is not essential to a determination of the case as now presented, we having held that the allegations of the petition were sufficient.

"If in a proper case, the District Court could take judicial notice of a decree rendered in its court in another proceeding, instead of calling upon the party having the burden of showing the fact to present the decree in evidence, this was not such a case, for the second paragraph of defendants' motion was not authorized by rule 29, as it tendered an issue of fact and not an issue of law. Griffing v. Gibb, 2 Black (U. S.) 519, 17 L. Ed. 353; Stewart v. Masterson, 131 U. S. 151, 9 S. Ct. 682, 33 L. Ed. 114; People v. Michigan Central R. R. Co., 145 Mich. 140, 108 N. W. 772.

"Furthermore, we have held in a suit in equity to obtain a patent under Revised Statutes, § 4915 (Comp. St. § 9460 [35 USCA § 63]), that it was error for the court, on a motion to dismiss, setting out a judgment and proceedings in a prior interference between the parties (which were not referred to and made a part of complainant's bill), to receive or consider the judgment and proceedings, it being matter for the defendant to plead and prove, if he desired to avail himself of it; that the defendant, by setting out new matter in his motion, could not impose it upon the plaintiff as a part of his affirmative case made by the bill. Sutton v. Wentworth, 247 F. 493, 499, 501, 160 C. C. A. 3."

All the petitioners remained parties to the action, and could not be dismissed

therefrom without leave of court, which was not granted. Reed v. Thornton (C. C. A.) 43 F.(2d) 813; Remington on Bankruptcy, § 261, 11 USCA § 95, note 108. The failure or refusal of C. F. Cather to verify the amended petition did not prevent the filing of the amendment nor dismiss him as a petitioning creditor.

Walter H. Soderberg joined in the amended petition in lieu of C. F. Cather, but he stands in the light of an intervening creditor, and his qualification or disqualification is not material, as his presence in the case was not required to make the petition effective.

The order of dismissal is reversed, and the cause is remanded to the District Court with directions to allow the Interstate Oil Corporation to file in that court the answer presented to this court which it proposed to file in said District Court in answer to "Creditors' Amended Petition" and to determine the issues raised thereby.