220 F.2d 850
 In the Matter of George B. HOLLE and Darwin E. Miller,
co-partners, Trading as Portage Lumber Company,
Alleged Bankrupts.
George B. HOLLE and Darwin E. Miller, co-partners, Trading
as Portage Lumber Company, Defendants-Appellants,
v.
INTERMOUNTAIN LUMBER COMPANY, a corporation, Twin City
Lumber Company, a corporation, Paul Rhodes, F. H. Stoltz
Land & Lumber Company, Almo Lumber Company and Edmund A.
Allen Lumber Company, Plaintiffs-Appellees.
 No. 11266.
 United States Court of Appeals, Seventh Circuit.
 March 18, 1955.
 
 Alfred P. Draper, Gary, Ind., for appellants.
 No counsel for appellees.
 Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.
 DUFFY, Chief Judge.
 
 
 1
 Three creditors filed an involuntary petition in bankruptcy against the appellant-partnership alleging the commission of five acts of bankruptcy. The District Court referred the proceedings to its referee. The partnership moved that the involuntary petition be dismissed as insufficient. Three additional creditors intervened and also became petitioning creditors. After a hearing the referee entered his order overruling the motion to dismiss, from which the partnership filed a petition for review. The hearing on review before the District Court resulted in its order affirming the referee. The proceeding is here on the partnership's appeal, on which it submits these contentions: (1) that the involuntary petition was not properly signed and verified; and (2) that the involuntary petition (assuming proper signing and verification), was fatally defective for failure to allege essential facts.
 
 
 2
 The record shows the petition was signed in the several names of the three petitioning creditors by Samuel P. Moise as 'authorized agent'. In addition, the petition shows that Mr. Moise was acting as one of the attorneys for the petitioning creditors. In the circumstances the signing of the petition was sufficient. In re Pearl Coal Co., 3 Cir., 115 F.2d 158, 159.
 
 
 3
 The verification of the petition made by Mr. Moise states that 'he is the duly authorized agent for the foregoing petitioners * * *; that he has authority to sign the foregoing petition * * * on behalf of the petitioners aforesaid; that he has read the foregoing petition so subscribed by him on behalf of the said petitioners, and that the statements contained in said petition are true.'
 
 
 4
 We think the verification in question is adequate and sufficient. The Court held in Re Pearl Coal Co., 115 F.2d 158, 159-160: '* * * there is ample authority to the effect that a petitioning creditor's name may be signed by his duly authorized agent and that the verification might be made by the attorney representing the creditor if he has knowledge of the facts verified. (Citations.) * * *
 
 
 5
 '* * * We also believe that the verification by the attorney is sufficient without showing the existence of an emergency and that the authority does not need to be in writing if, in fact, it existed.' See also Remington on Bankruptcy, 5th Ed., § 246.
 
 
 6
 It is next contended that four of the five alleged acts of bankruptcy are insufficient, since to allege that they were committed by the partnership while insolvent is merely to plead a conclusion. Appellant cites In re Connecticut Brass & Mfg. Corp., D.C.Conn., 257 F. 445 as sustaining authority, but this decision has ceased to be regarded as authoritative. See In re Interstate Oil Corporation, 9 Cir., 63 F.2d 674. There the Court said, at page 675: '* * * The claim advanced here by appellee in support of the order of October 5, 1931, is that an allegation of insolvency in this form is an allegation of a conclusion of law and consequently insufficient as an allegation of the fact of insolvency. In support of that contention appellee cites the decision of a District Court In re Connecticut Brass & Mfg. Corp., 257 F. 445. However, the Circuit Court of Appeals of the Second Circuit has decided to the contrary. In re Automatic Typewriter & Service Co., 271 F. 1, 3. This view was also taken by the Circuit Court of Appeals of the First Circuit in E. B. Badger Co. v. Arnold, 282 F. 115, 117. In the original opinion in that case the court followed the ruling of the District Court in Re Connecticut Brass & Mfg. Corp., supra, but on rehearing receded from that position and held that the allegation of insolvency was sufficient. We concur in this view.'
 
 
 7
 As said in Remington on Bankruptcy, 5th Ed., § 227: '* * * 'Insolvency' is an allegation of an ultimate fact and not of an evidential fact and therefore is a sufficient pleading without the statement that 'his assets at fair valuation' are 'not equal to his liabilities,' or any equivalent allegation.' Thus, the contention just examined is without merit.
 
 
 8
 As alleged, the first of bankruptcy states, insofar as material, that between January 1 and March 1, 1953, the partnership and the partners as individuals, while insolvent and with intent to hinder, delay and defraud creditors, transferred and conveyed partnership property to Transamerican Trading and Transportation Corporation; that all assets of such corporation are in truth and in fact the property of the partnership; that the transfer, made without consideration, rendered the partnership insolvent; and that it was made for the purpose of enabling the partners, seeking to avoid individual liability, to trade as a corporate entity. Other allegations relating to this act of bankruptcy are immaterial since the allegations above stated are sufficient to allege without more the commission of an act of bankruptcy as defined by Bankruptcy Act, § 3, sub. a(1), 11 U.S.C.A. § 21, sub. a(1), and Bankruptcy Act,s 67, sub. d(4), 11 U.S.C.A. § 107, sub. d(4).
 
 
 9
 The alleged second act of bankruptcy set forth in the petition in pertinent part states that within four months next preceding the filing of the petition, the partnership and the partners as individuals transferred, without consideration lumber and materials of the value of upwards of $6,000 to said Transamerican Trading and Transportation Corporation. These allegations are sufficient to allege the commission of an act of bankruptcy as defined by Bankruptcy Act, § 3, sub. a(1), 11 U.S.C.A. § 21, sub. a(1), and Bankruptcy Act, § 67, sub. d(4), 11 U.S.C.A. § 107, sub. d(4).
 
 
 10
 The third and fourth acts of bankruptcy alleged in the petition may be stated in summary as follows:
 
 
 11
 (a) While insolvent and within four months next preceding the filing of the petition the partnership, and the partners as individuals, paid $3,000 to Dant and Russell Lumber Company with intent to prefer said creditor over their other creditors;
 
 
 12
 (b) While insolvent and within four months next preceding the filing of the petition the partnership, and the partners as individuals, paid $2,800 to Fruehauf Trailer Company with intent to prefer said creditor over their other creditors.
 
 
 13
 We think these allegations sufficiently allege the commission of two distinct acts of bankruptcy as defined by the Bankruptcy Act, § 3, sub. a(2), 11 U.S.C.A. § 21, sub. a(2) and Bankruptcy Act, § 60, sub. a, 11 U.S.C.A. § 96, sub. a.
 
 
 14
 The fifth act of bankruptcy alleged in the petition is that within four months next preceding the filing thereof and on or about May 14, 1953, the partnership and the partners individually, while insolvent and unable to pay their debts as they matured, made an assignment to Poole Harrison, as Trustee, for the benefit of their creditors. These allegations are sufficient to allege the commission of an act of bankruptcy as defined by Bankruptcy Act, § 3, sub. a(4), 11 U.S.C.A § 21, sub. a(4). Finn v. Meighan, 325 U.S. 300, 303, 65 S.Ct. 1147, 89 L.Ed. 1624.
 
 
 15
 The District Court's order affirming the order of the Referee is correct, and is
 
 
 16
 Affirmed.